**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

# UNITED STATES COURT OF APPEALS

**OCT 7 1997**

# TENTH CIRCUIT

**PATRICK FISHER**
**Clerk**

MARCO ANTONIO ROCHA,

     Petitioner-Appellant,

v.

WILLIAM E. PRICE, Warden, GALE
NORTON,

     Respondents-Appellees.

No. 96-1447
(D.C. No. 96-Z-461)
(Dist. Colo.)

# ORDER AND JUDGMENT*

Before **SEYMOUR**, Chief Judge, **PORFILIO** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to honor the parties' request for a decision on the briefs without oral

argument.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.

Marco Antonio Rocha, a state prisoner, brought this pro se petition for

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, or collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

habeas corpus relief under 28 U.S.C. § 2254.[1]  The district court ruled that his

claims were procedurally barred and that Mr. Rocha has not shown cause for his

failure to properly raise them in the state courts.  We affirm.[2]

Mr. Rocha was convicted in 1989 on a state court charge of possessing

cocaine and sentenced to six years probation.  While his appeal was pending his

probation was revoked and he was sentenced to four years incarceration.  In his

direct appeal, Mr. Rocha argued only that prosecutorial misconduct occurred

during closing argument.  The state court of appeals decision affirming his

conviction on direct appeal was issued November 29, 1990, his petition for

---

[1] Although Mr. Rocha is no longer incarcerated on the conviction which he challenges in this proceeding, it is undisputed that his subsequent convictions were enhanced on the basis of this one.  The state therefore concedes this action is properly before the court.

[2] The district court denied Mr. Rocha leave to appeal in forma pauperis and he has paid the filing fee.  We have since held that the Prison Litigation Reform Act's fee requirements do not apply to actions under section 2254.  See United States v. Simmonds, 111 F.3d 737, 741 (10th Cir. 1997).  The district court also denied Mr. Rocha a certificate of appealability as required by the Antiterrorism and Effective Death Penalty Act.  We have subsequently held that this requirement does not apply to cases filed before the Act's effective date, April 24, 1996.  See United States v. Kunzman, No. 96-1310, 1997 WL 602507, at *3 n.2 (10th Cir. Oct. 1,1997).  Mr. Rocha filed this petition on February 20, 1996, and the new Act therefore does not apply to this proceeding.  Mr. Rocha must obtain a certificate of probable cause, however, which requires the same showing required under the new Act, namely, that the issues raised in his appeal are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings.  See Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983).  For the reasons discussed below, we conclude Mr. Rocha has failed to make this showing.

certiorari to the state supreme court was denied April 15, 1991, and the mandate was issued May 1, 1991.

On October 12, 1994, Mr. Rocha filed a pro se request for state post-conviction relief, asserting ineffective assistance of counsel. The state district court ruled that the motion was time-barred by the three-year limitation period provided by Colo. Rev. Stat. § 16-5-402, and that Mr. Rocha had failed to show his late filing was the result of justifiable excuse or excusable neglect. The court also held that Mr. Rocha's ineffectiveness claim lacked the requisite specificity in any event. Mr. Rocha appealed the district court's denial of his request for post-conviction relief in the state court of appeals. In addition to contending on appeal that his counsel was ineffective, Mr. Rocha argued for the first time that the evidence was insufficient to support his conviction, that the statute under which he was convicted was inapplicable, and that his speedy trial rights were violated. The state court of appeals affirmed the district court's determination that Mr. Rocha had failed to excuse his late filing, and also agreed that his allegations of inadequate counsel were insufficient. The court refused to consider the three new issues, ruling that they could not be raised for the first time on appeal.

Mr. Rocha then filed his section 2254 motion, asserting the evidence was insufficient to support his conviction, the state statute under which he was convicted was improperly applied, and his counsel was ineffective. As the above

history sets out, all of these claims are procedurally barred unless Mr. Rocha can show cause for the default and actual prejudice from the alleged constitutional violation, or that failure to consider his claims would result in a fundamental miscarriage of justice.  See Coleman v. Thompson, 501 U.S. 722, 750 (1991). The district court held that Mr. Rocha failed to do so.

We have carefully reviewed the analysis and authorities relied on by the district court and we agree substantially with that court's conclusions.  Because Mr. Rocha has failed to demonstrate he is entitled to a certificate of probable cause, see n.2 supra, we **DISMISS** the appeal.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge

-4-