129 F.3d 130
 97 CJ C.A.R. 2643
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ernest Dervon LINDSEY, Jr., Petitioner-Appellant,,
v.
Ron CHAMPION, Respondent-Appellee.
 No. 96-6416.
 United States Court of Appeals, Tenth Circuit.
 Oct. 28, 1997.
 
 1
 Before PORFILIO and LUCERO, Circuit Judges, and MARTEN,** District Judge.
 
 
 2
 ORDER AND JUDGMENT*
 
 
 3
 After examining petitioner's appellate brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 4
 Petitioner seeks review of the district court's order denying his petition for habeas relief under 28 U.S.C. § 2254. Before petitioner can proceed on appeal, however, he must secure a certificate of probable cause from this court, pursuant to 28 U.S.C. § 2253.[1] Based upon our review of the record as a whole, we conclude that petitioner has failed to make a substantial showing of a denial of a constitutional right.
 
 
 5
 We, therefore, DENY the application for a certificate of probable cause, and DISMISS the appeal.
 
 
 6
 The mandate shall issue forthwith.
 
 
 
 **
 The Honorable J. Thomas Marten, District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [1]
 Because petitioner filed his habeas petition in 1995, before enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat.1214, AEDPA's certificate of appealability requirements do not apply to this appeal. See United States v. Kunzman, --- F.3d ---, No. 96-1310, 1997 WL 602507, at * 1 n. 2 (10th Cir. Oct. 1, 1997). Instead, the pre-AEDPA certificate of probable cause requirements apply here. Regardless of the label we attach to the requirements, petitioner's substantive burden is the same, see Lennox v. Evans, 87 F.3d 431, 434 (10th Cir.1996), cert. denied, 117 S.Ct. 746 (1997), overruled in part by, Kunzman, 1997 WL 602507 at * 1 n. 2, so we will construe his application for a certificate of appealability as an application for a certificate of probable cause