UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 30 1997**

**PATRICK FISHER**
**Clerk**

RONALD RAY COLEMAN,

      Petitioner-Appellant,

v.

STEVE HARGETT; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

      Respondents-Appellees.

No. 96-6209
(D.C. No. CIV-96-16-M)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before BALDOCK, BARRETT, and MURPHY, Circuit Judges.

After examining petitioner's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner seeks review of the district court's order denying his petition for habeas relief under 28 U.S.C. § 2254. Before petitioner can proceed on appeal, however, he must secure a certificate of probable cause from this court, pursuant to 28 U.S.C. § 2253.[1] Based upon our review of the record as a whole, we conclude that petitioner has failed to make a substantial showing of a denial of a constitutional right. See Barefoot v. Estelle, 463 U.S. 880, 893 (1983); Lennox v. Evans, 87 F.3d 431, 434 (10th Cir. 1996), cert. denied, 117 S. Ct. 746 (1997), overruled in part by United States v. Kunzman, No. 96-1310, 1997 WL 602507, at *1 n.2 (10th Cir. Oct. 1, 1997).

We, therefore, DENY the application for a certificate of probable cause, and DISMISS the appeal. Petitioner's motion for reimbursement of fees is

---

[1]     Because petitioner filed his habeas petition before enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, AEDPA's certificate of appealability requirements do not apply to this appeal. See United States v. Kunzman, No. 96-1310, 1997 WL 602507, at *1 n.2 (10th Cir. Oct. 1, 1997). Instead, the pre-AEDPA certificate of probable cause requirements apply here. Regardless of the label we attach to the requirements, petitioner's substantive burden is the same, see Lennox v. Evans, 87 F.3d 431, 434 (10th Cir. 1996), cert. denied, 117 S. Ct. 746 (1997), overruled in part by Kunzman, 1997 WL 602507, at *1 n.2.

GRANTED.  His motion for leave to proceed on appeal without prepayment of costs or fees is DENIED.

Entered for the Court


Bobby R. Baldock
Circuit Judge