**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 3 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

KENNETH KELLER,

      Petitioner-Appellant,

v.

STATE OF OKLAHOMA,

      Respondent-Appellee.

No. 97-6031
(D.C. No. 96-CV-1568)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before PORFILIO and LUCERO, Circuit Judges, and MARTEN,[**] District Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] The Honorable J. Thomas Marten, District Judge, United States District Court for the District of Kansas, sitting by designation.

Petitioner, an Oklahoma state prisoner proceeding pro se, appeals from the district court's order denying his petition for habeas corpus relief filed under 28 U.S.C. § 2254.[1]

Petitioner was accused of exposing himself to two women on May 23, 1990. He was tried and convicted of indecent exposure after former conviction of a felony in May 1993, and sentenced to fifteen years' imprisonment. He argues on appeal that: (1) the trial court erred by continuing his trial so that prosecutors could comply with discovery requirements and by allowing testimony from State's witnesses whose testimony had previously been excluded; (2) he was denied his constitutional right to a speedy trial; (3) the trial court was without jurisdiction to try him as an habitual offender because the prosecutor did not file the second page of the information; (4) trial counsel was constitutionally ineffective; (5) appellate counsel was constitutionally ineffective; (6) the trial court lacked subject matter jurisdiction because the information was not in proper form; (7) the trial court erred by failing to provide the jury with verdict forms covering all

---

[1] The district court granted petitioner a certificate of probable cause (CPC) for appeal. Because he filed his petition in federal district court on September 13, 1996, however, he was required to obtain a certificate of appealability (COA) to proceed on appeal rather than a CPC. See United States v. Kunzman, No. 96-1310, 1997 WL 602507, at *1 & n.2 (10th Cir. Oct. 1, 1997). Nevertheless, the standard for obtaining either certificate is the same. See Lennox v. Evans, 87 F.3d 431, 434 (10th Cir. 1996), cert. denied, 117 S. Ct. 746 (1997), overruled on other grounds by Kunzman, 1997 WL 602507, at *1 n.2. We therefore construe the district court's grant of a CPC as the grant of a COA.

possible verdicts the jury could reach; and (8) the statute under which petitioner was convicted raises a serious constitutional issue because it is rarely applied as a felony.

We have carefully reviewed the record and petitioner's brief on appeal. Petitioner's challenges to the trial court's subject matter jurisdiction and to the state statute are waived because he did not raise them in his objections to the magistrate judge's findings and recommendation. See Ayala v. United States, 980 F.2d 1342, 1352 (10th Cir. 1992). In all other respects, we affirm for substantially the same reasons as those set forth in the magistrate judge's findings and recommendation, as adopted by the district court.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court


John C. Porfilio
Circuit Judge