**UNITED STATES of America, Plaintiff,**

v.

**Brian L. MILLER, Defendant.**

**Nos. 97–3224–DES, 94–10058–02–DES.**

United States District Court,
D. Kansas.

Nov. 13, 1997.

Brian L. Miller, Terminal Island, CA, pro se.

F.G. Manzanares, Topeka, KS, for Brian Miller.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court on defendant's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. 172).

On July 13, 1994, a federal grand jury returned a five-count superseding indictment against Brian L. Miller. The case proceeded to trial and a jury convicted defendant Miller of one count of possession with intent to distribute methamphetamine (18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1)); one count of possession with intent to distribute marijuana (18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1)); one count of using or carrying a firearm in relation to a drug trafficking crime (18 U.S.C. § 924(c)(1)); and one count of being a felon in possession of a firearm (18 U.S.C. §§ 922(g) and 924(a)(2)). The jury acquitted Miller of interstate transportation of a stolen vehicle (18 U.S.C. § 2313).

Miller appealed his convictions and sentence to the United States Court of Appeals. In *United States v. Miller,* 84 F.3d 1244 (10th Cir.1996), the Tenth Circuit vacated Miller's convictions for sing or carrying a firearm in relation to a drug trafficking crime (18 U.S.C. § 924(c)(1)) and being a felon in possession (18 U.S.C. §§ 922(g) and 924(a)(2)) and remanded the case for re-sentencing in light of its vacation of two of Miller's convictions. The district court re-sentenced the defendant on November 1, 1996.

Miller advances several claims in support of his motion pursuant to 28 U.S.C. § 2255.

He first claims that he was denied the right to a fair trial because the court improperly admitted handwriting analysis concerning a phonebook and ledger which appeared to contain notes written by the same person. Defendant also claims violation of his right to a fair trial by the introduction of his prior drug offense convictions. Finally, defendant claims that he was denied the effective assistance of counsel.

■ As an initial matter, the court notes that defendant failed to raise his violation of due process claims on direct appeal. Failure to present an issue on direct appeal bars a defendant from raising the issue in his 28 U.S.C. § 2255 motion "unless he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or he can show that a fundamental miscarriage of justice will occur if his claim is not addressed." *United States v. Cook,* 997 F.2d 1312, 1320 (10th Cir.1993) (citing *United States v. Frady,* 456 U.S. 152, 167–68, 102 S.Ct. 1584, 1593–94, 71 L.Ed.2d 816 (1982)). Defendant, however, also frames these issues as claims for ineffective assistance of counsel. The court will thus construe the defendant's due process claims as additional support for his ineffective assistance of counsel claim. Defendant must nevertheless establish actual prejudice resulting from the alleged due process violations of which he complains in order to establish cause excusing his procedural default.

To establish a claim of ineffective assistance of counsel, defendant must show: (1) that petitioner did not receive the counsel guaranteed by the Sixth Amendment; and (2) that counsel's performance was so deficient that the defendant did not receive a fair trial. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Defendant bears the burden to establish both incompetence and prejudice. There is a presumption that the attorney's conduct comes within "the wide range of reasonable professional assistance." *Id.* at 689, 104 S.Ct. at 2065.

■ The court will first examine the defendant's claim that he was denied the right to a fair trial because the court improperly

admitted handwriting analysis concerning a phonebook and ledger which appeared to contain notes written by the same person. Defendant makes several arguments in support of this claim. He first argues that the handwriting contained in the phonebook, which the government used to compare with writing contained in the ledger, was not properly authenticated as required under the Federal Rules of evidence. Defendant cites Fed.R.Evid. 901(a), which provides that authentication as a condition precedent to admissibility may be satisfied "by evidence sufficient to support a finding that the matter in question is what its proponent claims." The court disagrees with defendant's argument. The phonebook, which was taken from the defendant during a search, had the words "Brian Miller's Phone Book" written inside. As such, it was properly admitted under Fed.R.Evid. 901(b)(4), which provides for authentication by use of distinctive characteristics taken in conjunction with the circumstances. The court can think of few examples to which Fed.R.Evid. 901(b)(4) could more suitably apply.

The defendant next argues the jury was unfairly influenced by the government's characterization of its handwriting expert as an expert in the field of psycholinguistics. According to the defendant, such characterization implied that the expert's field was a "science," rather than merely an "art," thus lending excessive credibility to the expert's testimony. This problem was aggravated, the defendant argues, by the court's failure to properly instruct the jury as to their role as the trier of fact. At trial the court included the following instruction to the jury:

> You should consider any expert opinion received in evidence in this case, and give it such weight as you may think it deserves.... If you should decide that the opinion of an expert witness is not based upon sufficient education or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, you may disregard the opinion entirely.

The following instruction was also given:

> You are the exclusive judges of the facts proved, the weight of the evidence, and the credibility of the witnesses. In weighing the testimony of the witnesses you have a right to consider their appearance and manner while testifying, their means of knowledge, apparent intelligence or ignorance, interest or want of interest in the outcome of the case, and all other facts and circumstances appearing in the trial which will aid you in arriving at the truth. If you believe any witness has willfully testified falsely as to any material fact, you may disregard the whole or any part of his testimony; but you are not bound to believe or disbelieve all the testimony of any witness.

These instructions, in conjunction with each other and with the rest of the court's instructions to the jury, more than adequately informed the jury regarding the weight to be given the expert's testimony and the jury's role as trier fact. Moreover, and contrary to the defendant's assertion, his attorney did object as to the foundation and authentication of the handwriting evidence as well as to the expert's qualifications as an expert. This objection was brought to the court's attention, outside the hearing of the jury, and was overruled.

■ The court will next examine the defendant's claim that his right to fair trial was violated by the admission of his prior conviction for possession of cocaine with the intent to sell. According to the defendant, the introduction at trial of the nature of his prior conviction unfairly prejudiced the jury. In support of his argument, defendant cites *U.S. v. Wacker*, 72 F.3d 1453 (10th Cir.1995). In that case, the Tenth Circuit held that if a defendant offers to stipulate to his prior conviction as proof of an essential element in felon-in-possession case, the government must accept this stipulation and no further mention of the prior conviction or nature of the circumstances surrounding the conviction may be introduced. In this case, the defendant did not offer to stipulate to his prior conviction. The element of a prior felony conviction was at issue and the government had to prove this element beyond a reasonable doubt. *United States v. Hill*, 60 F.3d 672, 676 (10th Cir.1995). The government

therefore presented a certified copy of the charging documents, a Judgment and Commitment Order, and called a witness to connect the defendant to the prior conviction. Under the circumstances, the evidence was properly admitted. The court also notes that it instructed the jury concerning the limited purpose for which the evidence was to be considered.

■ Defendant further argues that his attorney's failure to stipulate to his prior conviction as proof of an essential element under the felon-in-possession count evidences ineffective assistance of counsel. The court disagrees. In light of the inculpatory evidence presented against the defendant, admission of the specific nature of his prior conviction did not have a "substantial influence" on the outcome of this case. *See United States v. Flanagan,* 34 F.3d 949, 955 (10th Cir.1994). Nor does the court have a "grave doubt" about such an effect. *See Id.* Defense counsel's failure to stipulate, therefore, did not affect the fairness of the trial.

■ Finally, defendant claims he was denied effective assistance of counsel because his attorney failed to seek bifurcation "of the order of proof of the charges and the evidence which would be presented to the jury." Defendant argues that bifurcation of the drug charges from the weapons charges would have prevented any unfair prejudice resulting from admission of the evidence of his prior conviction. The court is not persuaded. At trial the court included the following instruction to the jury:

> During the course of this trial you have heard evidence that defendant Brian L. Miller previously committed an act similar to some of those charged in this case. You may not use the evidence to decide whether he carried out the acts involved in the crimes charged in Counts 1,2,3, or 4. You may consider this evidence as to Count 5 only insofar as it relates to the first element.

This instruction, in combination with the rest of the court's instructions to the jury, sufficiently advised the jury regarding the defendant's concerns about the potential for unfair prejudice resulting from failure to bifurcate. Accordingly, failure to modify the order of the presentation of evidence did not have a "substantial influence" on the outcome of this case and court has no "grave doubt" about such an effect. Defense attorney's decision to litigate the counts together did not, therefore, prejudice his right to a fair trial. Furthermore, the court finds that the defendant has not shown that his attorney's representation "fell below an objective standard of reasonableness" as required to establish a claims for ineffective assistance of counsel. *Strickland,* 466 U.S. at 687–88, 104 S.Ct. at 2064–65.

Pursuant to 28 U.S.C. § 2253(c) and Rule 22(b) of the Federal Rules of Appellate Procedure, no movant may appeal a district court's decision denying a 28 U.S.C. § 2255 motion without a certificate of appealability issued by a district judge or circuit judge. The certificate of appealability may issue only if the defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In *Lennox v. Evans,* 87 F.3d 431, 433 (10th Cir.1996), *overruled on other grounds by United States v. Kunzman,* 125 F.3d 1363, 1997 WL 602507 (10th Cir.1997), the Tenth Circuit Court of Appeals held that the standard established for the issuance of a certificate of appealability is the same as that governing the issuance of a certificate of probable cause as set forth in *Barefoot v. Estelle,* 463 U.S. 880, 893, 103 S.Ct. 3383, 3394, 77 L.Ed.2d 1090 (1983), i.e., the defendant must make "a substantial showing of the denial of a federal right."

■ In this case, the defendant does not make a substantial showing of the denial of a any federal right. Therefore, he will be denied a certificate of appealability.

**IT IS THEREFORE BY THE COURT ORDERED** that the defendant's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. 172) is denied.

**IT IS FURTHER ORDERED** that defendant is denied a certificate of appealability.