**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 17 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

ROBERT M. WATKINS,

        Petitioner-Appellant,

v.

STEVE HARGETT; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

        Respondents-Appellees.

No. 97-7025
(D.C. No. 95-CV-560-S)
(E.D. Okla.)

ORDER AND JUDGMENT[*]

Before PORFILIO and LUCERO, Circuit Judges, and MARTEN,[**] District Judge.

Petitioner seeks review of the district court's order dismissing his third petition for habeas relief under 28 U.S.C. § 2254 on the grounds that the filing constituted an abuse of the writ. See McCleskey v. Zant, 499 U.S. 467, 493-95

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] The Honorable J. Thomas Marten, District Judge, United States District Court for the District of Kansas, sitting by designation.

(1991) (holding that a second or subsequent writ is subject to dismissal unless petitioner shows cause for the failure to assert claims in first petition and prejudice resulting from the claimed errors, or a fundamental miscarriage of justice).

Before petitioner can proceed on appeal, he must secure a certificate of probable cause from this court, pursuant to 28 U.S.C. § 2253.[1]  Based upon our review of the record as a whole, we conclude that the petitioner has failed to make a substantial showing of a denial of a constitutional right.

We, therefore, DENY the application for a certificate of probable cause, and DISMISS the appeal.  Petitioner's motion for release pending appeal is

---

[1]     Because petitioner filed his habeas petition in 1995, before enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat.1214, AEDPA's certificate of appealability requirements do not apply to this appeal.  See United States v. Kunzman, No. 96-1310, 1997 WL 602507, at *1 n.2 (10th Cir. Oct. 1, 1997) (to be reported at 125 F.3d 1363). Instead, the pre-AEDPA  certificate of probable cause requirements apply here. Regardless of the label we attach to the requirements, petitioner's substantive burden is the same, see Lennox v. Evans, 87 F.3d 431, 434 (10th Cir. 1996), cert. denied, 117 S. Ct. 746 (1997), overruled in part by Kunzman, 1997 WL 602507 at *1 n.2, so we will construe his application for a certificate of appealability as an application for a certificate of probable cause.

DENIED as moot.  All other pending motions are DENIED.

The mandate shall issue forthwith.


Entered for the Court


Carlos F. Lucero
Circuit Judge