131 F.3d 151
 97 CJ C.A.R. 3000
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Timothy Lee GRAVES, Petitioner-Appellant,
v.
Michael CARR, Respondent-Appellee.
 No. 96-5126.
 United States Court of Appeals, Tenth Circuit.
 Nov. 24, 1997.
 
 1
 Before PORFILIO and LUCERO, Circuit Judges, and MARTEN,** District Judge.
 
 
 2
 ORDER AND JUDGMENT*
 
 
 3
 After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 4
 Petitioner Timothy Lee Graves appeals the district court's denial of his petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. For substantially the reasons stated by the district court, we affirm.[1]
 
 
 5
 Petitioner was convicted by a jury of first degree murder. His conviction was upheld on direct appeal, and two subsequent state postconviction proceedings failed to provide relief for petitioner. Petitioner now applies for federal habeas relief arguing that (1) his confession was procured in violation of his right to counsel; (2) his trial and appellate counsel were ineffective, particularly because of trial counsel's failure to inform him of a proffered plea bargain; (3) the jury instruction on first degree murder was improper; and (4) the jury improperly considered the possibility of parole for petitioner while deliberating his guilt or innocence.
 
 
 6
 In conducting our de novo review of the district court's denial of petitioner's application for habeas relief, we have reviewed the record, petitioner's brief, and the analysis of the district court. The district court correctly concluded that any error from the admission of petitioner's confession was harmless and that he was not denied effective assistance of counsel. Petitioner has procedurally defaulted his remaining claims, thus precluding federal habeas review.
 
 
 7
 The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 **
 The Honorable J. Thomas Marten, District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [1]
 Petitioner has moved this court for issuance of a certificate of appealability to prosecute his appeal. Because he filed his habeas corpus petition on March 28, 1995, prior to the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), he does not need a certificate of appealability to proceed. See United States v. Kunzman, 125 F.3d 1363, 1364 n. 2 (10th Cir.1997). Therefore, pursuant to the requirements of 28 U.S.C. § 2253 in effect at the time petitioner filed in the district court, we deny a certificate of probable cause