F I L E D
United States Court of Appeals
Tenth Circuit

DEC 4 1997

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

ALVIN MANSKER,

     Defendant-Appellant.

No. 97-5106
(D.C. No. 97-CV-42-B)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before BRORBY, EBEL, and KELLY, Circuit Judges.

Petitioner Alvin Mansker requests a certificate of appealability in order to appeal the district court's dismissal of his motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255. We deny the certificate and dismiss the appeal.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, *res judicata*, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In 1992 Mr. Mansker pleaded guilty to a charge of conspiracy to distribute 50 grams or more of crack cocaine pursuant to a plea agreement. In return for Mr. Mansker's guilty plea as well as his cooperation and truthful testimony, the Government promised not to charge him for other acts connected to the conspiracy, and to grant him immunity for the use and disclosures of his testimony. In that agreement the Government also promised that if Mr. Mansker made a good-faith effort to provide the Government with "substantial assistance" the Government would file a motion with the court, either before or after sentencing, for the purpose of allowing the court to depart downward from the mandatory minimum of ten years imprisonment prescribed in the Sentencing Guidelines.

Mr. Mansker cooperated with the Government at first, until he learned that a co-defendant who had cooperated with the Government had been murdered shortly after sentencing. From that point on, Mr. Mansker refused to cooperate as per the plea agreement. As a result, the Government refused to file the "substantial assistance" motion with the court. Mr. Mansker requested that the district court allow him to withdraw his guilty plea. The district court refused. The court sentenced him to the mandatory minimum sentence of ten years imprisonment.

On direct appeal before this court Mr. Mansker claimed (1) that the district court abused its discretion by refusing to allow him to withdraw his guilty plea, and (2) that the government breached the plea agreement by refusing to file a motion recommending a downward departure in his sentence for substantial assistance. We denied both of Mr. Mansker's claims. See United States v. Mansker, No. 93-5022 (10th Cir. Aug. 16, 1993) (unpublished).

On January 15, 1997, Mr. Mansker filed a 28 U.S.C. § 2255 attack on his sentence. In that motion, Mansker (1) again claimed that the Government breached the plea agreement; (2) raised for the first time the claim that his sentence was a violation of 18 U.S.C. § 3553(a)(6) in that it created unwarranted sentence disparities among defendants with similar records found guilty of similar conduct; and (3) raised for the first time a claim that his sentence should be reduced under the "safety valve" provision of 18 U.S.C. § 3553(f). The district court denied Mr. Mansker's motion on the grounds that (1) the plea agreement issue was addressed by this court's decision in Mr. Mansker's direct appeal, thus barring relief via collateral attack; (2) Mr. Mansker's 18 U.S.C. § 3553(a)(6) disparate sentence claim failed on the merits; and (3) Mr. Mansker's 18 U.S.C. § 3553(f) safety valve claim failed as he was sentenced before passage of this provision.

Because Mr. Mansker's § 2255 motion was filed with the district court after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the provisions of that act requiring § 2255 appellants to obtain a certificate of appealability apply in this case. See United States v. Kunzman, 125 F.3d 1363, 1365 n.2 (10th Cir. 1997). The certificate of appealability may only be granted upon substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2) (West Supp. 1997). We have held that the standard for granting a certificate of appealability under the AEDPA is the same as the standard set out by the Supreme Court in Barefoot v. Estelle, 463 U.S. 880 (1983). See Lennox v. Evans, 87 F.3d 431, 434 (10th Cir. 1996), cert. denied 117 S.Ct. 746 (1997) and overruled on other grounds by Kunzman, 125 F.3d at 1365 n.2. Under the Barefoot standard, a certificate will issue only where the petitioner has demonstrated the issues raised are debatable among jurists of reason, a court could resolve the issues differently, or the questions presented are deserving of further proceedings. See Barefoot, 463 U.S. at 893 n.4.

Mr. Mansker has failed to make such a showing. Accordingly, the certificate of appealability is DENIED and the appeal is DISMISSED.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge