**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 13 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

EARNESTINE L. BASEY,

    Defendant - Appellant.

No. 97-3270
(D.C. No. 97-3144-DES)
(District of Kansas)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **KELLY**, and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This is an appeal from the denial of a petition filed under 28 U.S.C. § 2255. Pending is a motion for leave to appeal without prepayment of fees, which is GRANTED, *United States v. Simmonds*, 111 F.3d 737, 741 (10th Cir. 1997), and a petition for a certificate of appealability which is DENIED as moot. The petition for relief was filed in this case on April 18, 1996, which was prior to the effective date of the Antiterrorism and Effective Death Penalty Act of 1996; therefore, the appellant is not required to obtain a certificate of appealability. *United States v. Kunzman*, 125 F.3d 1363, 1364 n.2 (10th Cir. 1997). Upon consideration of the issues, we affirm.

In the United States District Court for the District of Kansas, appellant plead guilty to count 2 of a two count indictment charging conspiracy to possess with intent to distribute and possession with intent to distribute cocaine. Count 1, the conspiracy charge, was dismissed upon entry of the plea. Appellant now maintains she was subsequently charged with conspiracy in the Western District of Missouri and that charge resulted in a violation of the proscription against double jeopardy. The theory is unexplained and unexplainable. The two offenses are separate and not the same offense.

Appellant next claims she was denied effective assistance of counsel because her Kansas attorney did not challenge a four-level enhancement of her sentence under U.S.S.G. § 3B1.1(a). The district court examined the record and found, contrary to appellant's assertion, counsel did indeed challenge the enhancement, but the challenge was overruled by the court. Appellant has not disputed that finding.

It is patent that this appeal is wholly without merit.  The judgment of the district court is **AFFIRMED**.  The mandate shall issue forthwith.


ENTERED FOR THE COURT


John C. Porfilio
Circuit Judge