**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 1 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

HAROLD FREDERICK KRUEGER,

Defendant-Appellant.

No. 97-6262
(D.C. No. CIV-96-498-C)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **BARRETT**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Harold Frederick Krueger appeals from the district court's order denying his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Appellant was convicted and sentenced on counts of conspiracy, mail fraud, wire fraud, and money laundering. Our jurisdiction arises under 28 U.S.C. §§ 1291 and 2553. Because appellant's § 2255 motion was filed after the enactment of the Antiterrorism and Effective Death Penalty Act of 1996, the certificate of appealability provision created by that act is applicable to his case. Cf. United States v. Kunzman, 125 F.3d 1363, 1364 n.2 (10th Cir. 1997), cert. denied, No. 97-8055, 1998 WL 86544 (U.S. Mar. 30, 1998). The district court denied appellant a certificate of appealability. Therefore, appellant must demonstrate "a substantial showing of the denial of a constitutional right" before this court considers his appeal. 28 U.S.C. § 2253(c)(2).

Appellant presents six arguments on appeal. In his first two points, he challenges as false certain testimony of agent Barry Black and witness Crawford Cameron presented to the grand jury which indicted him. Before the district court, he contended that this and other allegedly false evidence demonstrated ineffective assistance of counsel, asserting that his counsel should have filed a pre-trial motion to dismiss the indictment. The district court concluded that this argument was moot in light of the jury's findings convicting appellant on all counts of the indictment and this court's affirmance of his conviction on

sufficiency of evidence grounds. District Court Order at 5. We agree, and note that appellant does not challenge the district court's analysis or ruling on this point. His arguments on appeal do not demonstrate ineffective assistance of counsel.

Appellant's third and fourth arguments assert that certain evidence presented at trial was false. He alleges as false witness Mark Lippert's testimony regarding the dates of execution and notarization of a lease document. The district court ruled that because the lease itself was admitted as evidence at trial, the issue about the dates of execution and notarization was not falsely presented to the jury. Appellant argues that the lease document could not correct Lippert's allegedly false testimony, and contends that this evidence "was very material to destroying Appellant's veracity with the Jury." Appellant's Br. at 7. He also contends that the trial court erred in omitting testimony from Jane Hardin which would have demonstrated the existence of Barry Kent. The district court rejected this contention, noting that the matter was "fully explored" at trial, District Court Order at 3, and that evidence was presented on both sides. Appellant responds that omitting this evidence allowed the government to impeach his credibility and served as a basis for a sentencing enhancement. Because we agree with the court that evidence was admitted at trial from which the jury could have believed appellant's version of the facts on both of these points, and because credibility is

the unique province of the jury, see United States v. Smith, 131 F.3d 1392, 1399 (10th Cir. 1997), cert. denied, 118 S. Ct. 1109 (1998), these arguments do not demonstrate error of constitutional magnitude.

Appellant's fifth point contends that the government's response to his § 2255 motion did not address all of his arguments and, therefore, the district court should have considered those matters admitted under Rule 8(d) of the Federal Rules of Civil Procedure. Our review of the government's response, however, indicates that the government addressed each of appellant's arguments, including those he specifically identifies on appeal. Further, we conclude that Rule 8(d) applies to factual averments, not legal argument. Appellant's final contention challenges the district court's order as incomplete. We have reviewed the court's order in light of his specific complaints and conclude that the district court thoroughly addressed all of the issues raised in appellant's § 2255 motion. This argument is without merit.

Because appellant's arguments on appeal fail to demonstrate a substantial showing of the a denial of a constitutional right, we deny appellant's application for a certificate of appealability. Accordingly, this appeal is DISMISSED.

Appellant's request for a hearing on his § 2255 motion is denied as moot.

The mandate shall issue forthwith.

Entered for the Court


Mary Beck Briscoe
Circuit Judge
