**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 10 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

PETER I. PHILIPS, also known as
Emaraobebi Idaba,

     Defendant-Appellant.

No. 97-6257
(W. District of Oklahoma)
(D.C. No. 97-CV-745)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **EBEL,** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Peter I. Philips, proceeding *pro se* and *in forma pauperis*, seeks to appeal the district court's denial of his motion brought pursuant to 28 U.S.C. § 2255. Because Philips' motion was filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, Philips must obtain a certificate of appealability before he can appeal the denial of his § 2255 motion. 28 U.S.C. § 2253(c)(1)(B); *United States v. Kunzman*, 125 F.3d 1363, 1364 n.2 (10th Cir. 1997). Although Philips failed to file a request for a certificate of appealability with this court, we will treat his appellate brief as a request for such a certificate.

In his § 2255 petition, Philips asserted as follows: (1) his guilty plea was not voluntary but was, instead, the result of the United States' actions in "blackmailing, threatening, pressuring, and intimidating" him; and (2) his counsel was ineffective in failing to properly investigate the crime and inform him of the possible consequences of a guilty plea. The district court rejected Philips' contentions, noting that his conclusory allegations were clearly insufficient to demonstrate that he was prejudiced by the actions of his attorney. Dist. Ct. Order at 3-4. The district court further noted that the record demonstrated that he was adequately informed about the nature and consequences of his guilty plea by both the plea agreement itself and by the district court during the plea colloquy. Id. at 3 n.4.

Philips is entitled to a certificate of appealability only if he can make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He can make such a showing by demonstrating that the district court's resolution of the issues set out above is debatable among jurists, that this court could resolve the issues differently, or that the questions presented deserve further proceedings. *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983). Upon *de novo* review of the parties briefs, the district court's Order, and the entire record on appeal, this court concludes that Philips has failed to make a substantial showing of the denial of a constitutional right for substantially the same reasons set forth in the district court's Order dated July 7, 1997. Accordingly, we **DENY** Philips a certificate of appealability and **DISMISS** the appeal.

ENTERED FOR THE COURT:


Michael R. Murphy
Circuit Judge