**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**APR 14 1998**

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

JACK LAUREN MARTIN,

     Petitioner-Appellant,

v.

STEVE HARGETT,

     Respondent-Appellee.

No. 97-6424
(W. District of Oklahoma)
(D.C. No. 95-CV-1498)

## ORDER AND JUDGMENT[*]

Before **BALDOCK**, **EBEL,** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Jack L. Martin filed the instant 28 U.S.C. § 2254 petition, the third § 2254 petition that Martin has filed with the district court, on September 26, 1995. The

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

district court dismissed the petition pursuant to Rule 9(b) of the Rules Governing Section 2254 Cases in the United States District courts, concluding that it was both successive and abusive. This case is before the court on Martin's *pro se* (1) Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees and (2) Application for Certificate of Probable Cause.[1]

Martin is not entitled to a certificate of probable cause unless he can make a substantial showing of the denial of a constitutional right. *See Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983). Martin can make such a showing by demonstrating that (1) the issues he raise are debatable among jurists, (2) an appellate court could resolve the issues differently, or (3) the questions presented deserve further proceedings. *Id.* Upon a *de novo* review of Martin's Application for a Certificate of Probable Cause, his appellate brief, the magistrate's Report and Recommendation, the district court's Memorandum Opinion and Order, and the entire record on appeal, we conclude that Martin has failed to demonstrate the district court's resolution of this petition is debatable or reasonably subject to a different outcome on appeal. Accordingly, we **DENY** Martin a certificate of

---

[1]Because Martin filed his habeas petition before enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub L. No. 104-132, 110 Stat. 1214, AEDPA's certificate of appealability requirements do not apply to this appeal. *See United States v. Kunzman*, 125 F.3d 1363, 1364 n.2. (10th Cir. 1997). Instead, the pre-AEDPA certificate of probable cause requirements apply here.

probable cause and **DISMISS** this appeal. Martin's motion to proceed on appeal *in forma pauperis* is also **DENIED** .

ENTERED FOR THE COURT:

Michael R. Murphy
Circuit Judge