**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 1 1997**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

MURLEEN KAY KUNZMAN,

        Defendant-Appellant.

No. 96-1310

---

Appeal from the District Court of
the District of Colorado
(D.C. No. 95-WY-2077-CB)

---

Submitted on the Briefs:

Murleen Kay Kunzman, pro se.

Henry L. Solano, United States Attorney, and Charlotte J. Mapes, Assistant U.S.
Attorney, Denver, Colorado, for Plaintiff-Appellee.

---

Before ANDERSON, LOGAN, and EBEL, Circuit Judges.

---

LOGAN, Circuit Judge.

Defendant Murleen Kay Kunzman appeals from the district court's order denying her motion to set aside her criminal convictions pursuant to 28 U.S.C. § 2255.[1] Her appeal raises issues of subject matter jurisdiction, double jeopardy, ineffective assistance of counsel, res judicata, and collateral estoppel. Because none are meritorious we affirm.

Defendant and her husband ("Kunzmans") defrauded numerous investors who purchased limited partnership investments in Real Estate Mortgage Investment Conduits ("REMICs") from them. The Kunzmans conducted a Ponzi scheme, in which money from later investors was used to pay earlier investors. After the scheme collapsed, the Kunzmans filed for bankruptcy protection. See United States v. Kunzman, 54 F.3d 1522, 1525 (10th Cir. 1995) (detailing facts).

A number of the investors filed an adversary proceeding in the Kunzmans' bankruptcy, alleging that the money they had invested in the REMICs constituted a non-dischargeable debt. The bankruptcy court awarded judgment in favor of twelve of the plaintiffs, finding that the debts and damages awarded were non-dischargeable.

Approximately one and one-half years after entry of the judgment in the

---

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

bankruptcy proceeding, a federal grand jury returned a superseding indictment charging the Kunzmans and one of their employees with numerous counts of securities fraud, mail fraud, bank fraud, and money laundering. Defendant pleaded guilty to two counts of money laundering and three counts of securities fraud. Her sentence included an order that she pay restitution to some of her victims. She later filed a petition with the district court which it properly construed as a § 2255 motion raising the issues we treat in this appeal.

Defendant has requested that we issue her a certificate of appealability so that she may prosecute her appeal. She filed her habeas petition on August 15, 1995, and therefore does not need a certificate of appealability to proceed.[2]

---

[2] In the recent case of Lindh v. Murphy, 117 S. Ct. 2059 (1997), the Supreme Court determined that the amendments to Chapter 153 of Title 28 of the United States Code contained in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which include the requirement that a habeas petitioner obtain a certificate of appealability, "generally" do not apply to cases filed before AEDPA's effective date, April 24, 1996. See id. at 2068. Prior to Lindh, decisions of this court had applied the certificate of appealability requirement to a § 2255 case in which the underlying petition was filed before AEDPA's effective date, but the notice of appeal was filed after AEDPA, see United States v. Riddick, 104 F.3d 1239 (10th Cir. 1997), and to a § 2254 case in which both the underlying petition and notice of appeal were filed before AEDPA, see Lennox v. Evans, 87 F.3d 431 (10th Cir. 1996), cert. denied, 117 S. Ct. 746 (1997). The majority of circuits that have considered this issue since Lindh have interpreted Lindh to hold that regardless of when the notice of appeal was filed, if a §§ 2254 or 2255 petition was filed in the district court before AEDPA's effective date, no certificate of appealability is required. See Arredondo v. United States, ___F.3d___, Nos.96-2126, 96-2583, 1997 WL 459716, at *1 (6th Cir. Aug. 13, 1997); United States v. Gonzalez, No. 96-56461, 1997 WL 415334, at *1 n.1 (9th

(continued...)

-3-

We first consider whether defendant's claims are procedurally barred by her failure to raise them in a direct appeal. "Section 2255 motions are not available to test the legality of matters which should have been raised on direct appeal." United States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994). Defendant has failed to show cause and prejudice, which would excuse her failure to raise her claims on direct appeal. See id. She contends, however, that her counsel was ineffective for failing to raise her arguments. Ineffective assistance of counsel claims may be reviewed collaterally in a § 2255 motion. See United States v. Galloway, 56 F.3d 1239, 1241 (10th Cir. 1995).

------

[2](...continued)
Cir. July 24, 1997) (unpublished opinion); United States v. Roberts, 118 F.3d 1071 (5th Cir. 1997) (section 2255 cases); Blankenship v. Johnson, 118 F.3d 312, 315 n.2 (5th Cir. 1997); cf. Nelson v. Walker, ___F.3d___, Nos. 96-2354, 96-1213, 1997 WL 442686, at *4 (2d Cir. Aug. 7, 1997) (holding no certificate of appealability needed when both petition and notice of appeal filed prior to AEDPA) (section 2254 cases); see also Order Reinstating Local Rule 22 (1st Cir. July 22, 1997). This view is not shared by the Eighth Circuit, which held recently in Tiedeman v. Benson, ___F.3d___, No. 96-3977, 1997 WL 437181 (8th Cir. Aug. 6, 1997), that because the certificate of appealability requirement is procedural and the Lindh Court qualified its holding with the word "generally," the certificate of appealability requirement applies to appeals in § 2254 cases in which the notice of appeal was filed after AEDPA, even if the underlying petition was pending before AEDPA's enactment. Upon consideration, we join the majority of circuits and hold that §§ 2254 and 2255 petitioners who filed their petitions in district court prior to AEDPA's effective date, regardless of whether they filed their notice of appeal before or after AEDPA, do not need a certificate of appealability to proceed with their appeal. We have circulated this footnote to the en banc court, which has unanimously agreed that to the extent Lennox and Riddick, and any other of our cases, are inconsistent with the rule announced herein, they are overruled.

There is, however, a further procedural bar to be considered. Defendant's entry of an unconditional guilty plea to the charges against her waived all nonjurisdictional defenses. See United States v. Robertson, 45 F.3d 1423, 1434 (10th Cir.), cert. denied, 116 S. Ct. 133 (1995). Defendant's subject matter jurisdiction and double jeopardy claims are jurisdictional. See United States v. Broce, 781 F.2d 792, 797 (10th Cir. 1986) (guilty plea does not waive right to assert double jeopardy claim). Her claims of res judicata and collateral estoppel, are nonjurisdictional. As to the jurisdictional issues, we apply the ineffective assistance of counsel test announced in Strickland v. Washington, 466 U.S. 668 (1984), asking whether her counsel's performance "fell below an objective standard of reasonableness," see id. at 688, and whether the deficient performance resulted in prejudice, see id. at 691-92. We consider the nonjurisdictional issues only in the context of her claim of constitutionally ineffective assistance of counsel; we consider whether her counsel's ineffectiveness would justify setting aside her guilty plea. See United States v. Gordon, 4 F.3d 1567, 1570 (10th Cir. 1993) (describing test for ineffectiveness where guilty plea is challenged), cert. denied, 510 U.S. 1184 (1994).

Defendant contends that Congress exceeded its Commerce Clause authority, when it enacted the securities fraud legislation under which she was convicted. See 15 U.S.C. § 78j(b). "Where economic activity substantially affects interstate

commerce, legislation regulating that activity will be sustained." United States v. Lopez, 115 S. Ct. 1624, 1630 (1995). The Commerce Clause clearly empowers Congress to regulate the sale of securities. See Sloan v. SEC, 535 F.2d 676, 678 (2d Cir.), cert. denied, 429 U.S. 885 (1976). Defendant's challenge is without merit.

Defendant next contends that the district court lacked jurisdiction over the prosecution against her, because it arose under or was related to her bankruptcy proceeding. Bankruptcy courts have jurisdiction over bankruptcy cases and some civil matters arising in or related to such cases. See 28 U.S.C. §§ 157, 1334. Neither of these statutes, however, grants bankruptcy courts exclusive jurisdiction over post-discharge criminal matters involving the debtor. Defendant's argument is frivolous.

Defendant contends that her criminal prosecution was an impermissible attempt to collect a discharged debt. See 11 U.S.C. § 524(a)(2) (discharge in bankruptcy operates as injunction against collection proceedings). She fails to show that the principal motivation behind her prosecution was to collect on a discharged debt. See Brinkman v. City of Edina (In re Brinkman), 123 B.R. 318, 322 (Bankr. D.Minn. 1991) (stating "principal motivation" test). The government may seek restitution in favor of victims who hold debts of the defendant, even if

such debts have been discharged in bankruptcy.  See United States v. Carson, 669 F.2d 216, 217 (5th Cir. 1982) (conditioning probation on restitution).

Defendant next argues that her prosecution violated the Double Jeopardy Clause, because she already had been "punished" by the judgment entered against her in the bankruptcy proceedings.  We agree with the First Circuit that "[a] monetary sanction which has no punitive function, i.e., has no purpose other than restitution or compensation for the loss engendered by the defendants' conduct is not punishment within the ambit of the double jeopardy clause."  United States v. Kayne, 90 F.3d 7, 11 (1st Cir. 1996), cert. denied, 117 S. Ct. 681 (1997).  The bankruptcy judgment against defendant clearly served the remedial function of compensating her victims.  Because defendant was not "punished" by the entry of judgment, the later criminal prosecution was not forbidden by the Double Jeopardy Clause.  See United States v. Ursery, 116 S. Ct. 2135, 2141-42 (1996) (discussing effect of civil forfeiture action).

Finally, defendant argues that the discharge order precluded the criminal prosecution on principles of res judicata or collateral estoppel.  Res judicata (claim preclusion) applies only when (1) the parties in the instant action were parties or in privity with a party in the prior adjudication; (2) the claims are identical; and (3) there is a final judgment on the merits.  See Sil-Flo, Inc. v. SFHC, Inc., 917 F.2d 1507, 1520 (10th Cir. 1990).  The claims raised in

defendant's bankruptcy were not identical to those raised in the criminal case. See United States v. Tatum, 943 F.2d 370, 381 (4th Cir. 1991) ("A bankruptcy proceeding and a criminal prosecution are fundamentally different proceedings, both in purpose and procedure, and the 'causes of action' resolved by each are totally different."). Defendant's collateral estoppel (issue preclusion) claim fails for similar reasons: the issue of whether a discharge should be granted is not "identical" to the issue of whether a defendant is criminally liable. See Sil-Flo, 917 F.2d at 1520 (collateral estoppel requires identity of issues).

Defendant has not shown that her counsel was ineffective in failing to raise the non-meritorious issues she presents. The judgment of the district court is therefore AFFIRMED. Defendant's motion for expedited procedures is DENIED.