129 F.3d 131
 97 CJ C.A.R. 2561
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Lewis Lavern SETLIFF, Petitioner-Appellant,
v.
R. Michael CODY, Respondent-Appellee.
 No. 97-6144.
(D.C.No. 95-CV-962).
 United States Court of Appeals, Tenth Circuit.
 Oct. 30, 1997.
 
 Before TACHA, BALDOCK and LUCERO, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 Petitioner Lewis Lavern Setliff seeks leave to appeal from the district court's decision adopting the magistrate judge's report and recommendation and dismissing Mr. Setliff's petition for a writ of habeas corpus under 28 U.S.C. § 2254. We construe petitioner's application for a certificate of appealability as one for a certificate of probable cause to appeal.[1]
 
 
 3
 In Barefoot v. Estelle, 463 U.S. 880 (1983), the Supreme Court held that "a certificate of probable cause requires petitioner to make a substantial showing of the denial of a federal right." 463 U.S. at 893 (citations omitted). This requires that the petitioner demonstrate that the issues presented are debatable among jurists of reason, that a court could resolve the issues differently or that the questions deserve further proceedings. See id. at 893 n. 4. After careful examination of petitioner's application, the district court's order and the magistrate judge's report and recommendation, we conclude that Mr. Setliff has failed to make the required showing. Consequently, petitioner's request for a certificate of probable cause is DENIED and the appeal is DISMISSED. The mandate shall issue forthwith.
 
 
 
 *
 The case is unanimously ordered submitted without oral argument pursuant to Fed. R.App. P. 34(a) and 10th Cir. R. 34.1.9. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [1]
 The Supreme Court, in Lindh v. Murphy, 117 S.Ct. 2059, 2068 (1997), holds that the new provisions of 28 U.S.C., ch. 153, which includes the § 2253(c) certificate of appealability requirement, added by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), are generally not applicable to cases filed before AEDPA's effective date, April 24, 1996. See United States v. Kunzman, No. 96-1310, 1997 WL 602507, at * 1 n. 2 (10th Cir. Oct. 1, 1997) (en banc). This circuit has therefore held that § 2254 petitioners who filed their petitions in district court prior to the effective date of AEDPA, as in this case, do not need a certificate of appealability. Id. Petitioner, however, is subject to § 2253's previous requirement that he obtain a certificate of probable cause to appeal. 28 U.S.C. § 2253 (1994) (amended 1996)