**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 2 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

GLORIA BUSTOS,

Petitioner-Appellant,

v.

TOM NEWTON, Warden;
ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO,

Respondents-Appellees.

No. 96-2188
(D.C. No. CIV-95-1338-JP)
(D. N.M.)

---

ORDER AND JUDGMENT[*]

---

Before PORFILIO and LUCERO, Circuit Judges, and MARTEN,[**] District Judge.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]     The Honorable J. Thomas Marten, District Judge, United States District
Court for the District of Kansas, sitting by designation.

this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Ms. Gloria Bustos appeals the district court's denial of her petition filed pursuant to 28 U.S.C. § 2254.  For substantially the reasons stated by the district court, we affirm.

In May of 1987, Ms. Bustos pled guilty to first degree murder in connection with a slaying at a Santa Fe, New Mexico, laundromat.  She was sentenced to life imprisonment, which under New Mexico law requires the service of thirty years of the sentence before parole will be considered.  The New Mexico Supreme Court rejected a challenge to the life sentence.

In 1991, Ms. Bustos filed a motion to withdraw her guilty plea, which apparently has yet to be ruled on.  She then filed a state habeas action arguing that (1) she was innocent of first degree murder; (2) she was coerced into pleading guilty; (3) she did not understand the charges against her and the consequences of her plea due to overmedication; (4) the "State of NM did not have the capacity to form specific intent;" and (5) her crime was "no longer a crime as defined by law."  See R. tab 11, Ex. O at 2.  The New Mexico district court denied the petition, but Ms. Bustos failed to appeal the denial to the New Mexico Supreme Court within the time specified by law.

Ms. Bustos then filed a petition in the federal district court raising the following grounds for review: (1) the harshness and length of sentence; (2) the New Mexico district court's failure to hold a hearing on her motion to withdraw her guilty plea; (3) whether she was coerced into pleading guilty; (4) whether she understood the terms of her plea and its consequences due to overmedication; (5) whether she had the capacity to form specific intent; and (6) whether State v. Ortega, 817 P.2d 1196 (N.M. 1991), should be applied retroactively.

The district court correctly held that grounds two through six of Ms. Bustos' federal habeas petition were barred from consideration because of procedural default and because Ms. Bustos had failed to show cause and prejudice for the default or that failure to accord federal habeas review would result in a fundamental miscarriage of justice. Ms. Bustos' claim for federal habeas relief based on the length and harshness of her sentence was denied because the sentence imposed was within the state statutory sentencing guidelines, thus precluding federal habeas review. See Dorszynski v. United States, 418 U.S. 424, 431-32 (1974); Meachem v. Keane, 899 F. Supp. 1130, 1139 n.5 (S.D.N.Y. 1995).

Our review of the record in this case and the briefs of the parties reveal no error by the district court. [1]

The judgment of the United States District Court for the District of New Mexico is AFFIRMED.

                                        Entered for the Court


                                        Carlos F. Lucero
                                        Circuit Judge

---

[1]    Ms. Bustos has moved this court for issuance of a certificate of appealability to prosecute her appeal. Because she filed her habeas corpus petition on November 8, 1995, prior to the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), she does not need a certificate of appealability to proceed. See United States v. Kunzman, No. 96-1310, 1997 WL 602507, at *3 n.2 (10th Cir. Oct. 1, 1997). Therefore, pursuant to the requirements of 28 U.S.C. § 2253 in effect at the time Ms. Bustos filed in the district court, we grant a certificate of probable cause.