**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 12 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ERNIE SACOMAN,

　　　　　Petitioner-Appellant,

v.

JOE WILLIAMS, Warden;
ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO,

　　　　　Respondents-Appellees.

No. 97-2148
(D.C. No. CIV-96-128-JP)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **KELLY**, and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore

ordered submitted without oral argument.

---

[*]　　　This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner appeals the district court's dismissal of his 28 U.S.C. § 2254 petition for writ of habeas corpus. Petitioner was convicted in New Mexico state court of first-degree murder, conspiracy to commit murder, armed robbery, conspiracy to commit armed robbery and tampering with evidence. His conviction was affirmed on appeal, and petitioner has exhausted his state post-conviction remedies. Petitioner requested habeas corpus relief in the district court, and the district court dismissed his petition, adopting the findings and recommendation of the magistrate judge. On de novo review, we agree with the district court's legal conclusions and we find no clear error in its factual findings. See Brewer v. Reynolds, 51 F.3d 1519, 1522 (10th Cir. 1995).[1]

Petitioner presents five arguments on appeal: (1) juror misconduct violated his constitutional right to a fair trial and necessitates a new trial; (2) there was insufficient evidence to support his conviction; (3) the trial court violated his constitutional right to a fair trial by refusing to order the state to produce the psychological records of a witness who testified against petitioner; (4) his right to a fair trial was violated because the prosecution questioned petitioner about a

_____

[1] Because the petition was filed before the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, no certificate of appealability is necessary. See United States v. Kunzman, 125 F.3d 1363, 1364 n.2 (10th Cir. 1997). We, therefore, construe petitioner's notice of appeal as requesting a certificate of probable cause. See Fed. R. App. P. 22(b) (prior to amendment by AEDPA).

previous juvenile adjudication; and (5) ineffective assistance of counsel violated his rights under the Sixth Amendment.

At trial, petitioner presented an alibi defense that he was at work as a busboy at the time of the murder. During deliberations, one juror gave a factual account of his experience as a busboy, and a second juror fabricated a story about a conversation she had with a payroll clerk about paying employees even though the clerk couldn't confirm the hours worked. On direct appeal, the New Mexico Supreme Court held that these incidents introduced "extraneous information" into the jury deliberations, R. Vol. I, tab 12, Ex. E at 5, but that petitioner was not prejudiced by the misconduct. The trial court held a hearing and found that the extraneous information was imparted to the jury after they had unanimously agreed that petitioner was not at work at the time of the murder. This finding of fact by the state court after hearing is presumed correct, see 28 U.S.C. § 2254(d), and petitioner does not challenge the sufficiency of the evidence upon which this finding was based. Therefore, the district court's conclusion that petitioner suffered no prejudice as a result of the injection of extraneous information during the jury deliberations, because of the timing, is correct. See Brecht v. Abrahamson, 507 U.S. 619, 637, 638 (1993) (holding that trial errors are collaterally reviewed to determine whether they had "substantial and injurious effect or influence in determining the jury's verdict").

-3-

Petitioner characterizes his next argument as disputing the sufficiency of the evidence supporting his conviction. In fact, petitioner's argument takes issue with the jury's credibility determinations and the weight it afforded the conflicting evidence presented. Petitioner points to the evidence in support of his alibi defense and argues that the jury should have reached a different conclusion in light of that evidence. Review of the sufficiency of the evidence is

> sharply limited and a court faced with a record of historical facts that supports conflicting inferences must presume--even if it does not affirmatively appear in the record--that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution. The [c]ourt may not weigh conflicting evidence nor consider the credibility of witnesses. Rather, the [c]ourt must accept the jury's resolution of the evidence as long as it is within the bounds of reason.

Messer v. Roberts, 74 F.3d 1009, 1013 (10th Cir. 1996) (quotations omitted).

Petitioner acknowledges that, in addition to his alibi evidence, the jury heard testimony from two witnesses, who were originally charged as codefendants, that petitioner shot the victim in the course of a robbery gone wrong. There was also testimony from other witnesses that, on the day after the murder, petitioner reenacted how he shot the victim. The jury chose to credit the testimony against petitioner and did not believe his alibi defense. Petitioner does not dispute the sufficiency of the evidence the jury chose to credit in convicting him, he argues that the jury credited the wrong evidence. We will not weigh conflicting evidence or consider the credibility of witnesses. See id.

-4-

Next, petitioner argues constitutional error regarding two evidentiary matters. He claims he was denied a fair trial when the trial court did not grant his request to discover, for use at trial, psychological records of one of the former codefendants who testified against him. The trial court reviewed the psychological records *in camera* and denied petitioner's request on the basis of relevancy. Petitioner also argues that the prosecutor's questions on cross-examination about why he left high school induced him to testify regarding a prior juvenile adjudication.

"[W]e will not question the evidentiary or procedural rulings of the state court unless [petitioner] can show that because of the court's actions, his trial, as a whole, was rendered fundamentally unfair." Maes v. Thomas, 46 F.3d 979, 987 (10th Cir. 1995) (quotation omitted). Petitioner has failed to make such a showing. Petitioner details in his brief on appeal that his counsel effectively utilized cross-examination for impeachment purposes, and he does not show how his lack of discovery of the psychological records rendered his trial fundamentally unfair. Further, petitioner does not show that his response on cross-examination revealing a juvenile adjudication was prompted by the questioning, nor does he show that the revelation resulted in a fundamentally unfair trial.

Finally, petitioner claims he was denied his constitutional right to effective assistance of counsel. To that end, petitioner must show both that his attorney's

performance fell below an objective standard of reasonableness and that petitioner's defense was prejudiced by the deficient performance. See Strickland v. Washington, 466 U.S. 668, 687, 688 (1984). Petitioner complains that counsel's demeanor was uncaring and lacking in professionalism, as compared to petitioner's first trial, which ended in a mistrial. He also claims counsel failed to object at appropriate times and that counsel's failure to confer with and prepare petitioner before the second trial was the cause of petitioner giving answers on cross-examination that went beyond the scope of the question. Petitioner also argues that counsel's closing argument was deficient because counsel did not point out that the evidence proved petitioner's innocence. Other than the conclusory statement that the outcome of the trial would have been different, petitioner has not shown how the alleged errors prejudiced his defense, and neither has petitioner shown that counsel's performance fell below an objective standard of reasonableness.

Petitioner's application for a certificate of probable cause is DENIED, and the appeal is DISMISSED. The mandate shall issue forthwith.

Entered for the Court

Robert H. Henry
Circuit Judge

-6-