**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 23 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DEAN ALAN MILLER,

  Petitioner-Appellant,

v.

ROBERT D. HANNIGAN, Warden;
and the ATTORNEY GENERAL OF
THE STATE OF KANSAS,

  Respondents-Appellees.

No. 97-3094
(District of Kansas)
(D.C. No. 95-3191-DES)

### ORDER AND JUDGMENT*

Before **BALDOCK**, **EBEL,** and **MURPHY**, Circuit Judges.

  After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  Accordingly, we honor the parties' requests and order the cause submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Dean A. Miller filed the instant 28 U.S.C. § 2254 petition, the second § 2254 petition that Miller has filed with the district court, on May 1, 1995. The district court dismissed the petition pursuant to Rule 9(b) of the Rules Governing Section 2254 Cases in the United States District courts, concluding that it was both successive and abusive. The district court noted that the issue of ineffective assistance of counsel raised in the instant petition had been rejected by the Tenth Circuit in a prior habeas petition. It further noted that the new twist Miller placed on the claim should have been raised in the first habeas petition. This case is before the court on Miller's *pro se* Application for Certificate of Appealability, which this court construes as a request for a certificate of probable cause. [1]

Miller is not entitled to a certificate of probable cause unless he can make a substantial showing of the denial of a constitutional right. *See Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983). Miller can make such a showing by demonstrating that (1) the issues he raise are debatable among jurists, (2) an appellate court could resolve the issues differently, or (3) the questions presented deserve further proceedings. *Id.* Upon a *de novo* review of Miller's request for a

---

[1]Because Miller filed his habeas petition before enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub L. No. 104-132, 110 Stat. 1214, AEDPA's certificate of appealability requirements do not apply to this appeal. *See United States v. Kunzman*, 125 F.3d 1363, 1364 n.2. (10th Cir. 1997). Instead, the pre-AEDPA certificate of probable cause requirements apply here.

certificate of probable cause, his appellate brief, the district court's Memorandum Opinion and Order, and the entire record on appeal, we conclude that Miller has failed to demonstrate the district court's resolution of this petition as successive and abusive is debatable or reasonably subject to a different outcome on appeal. Accordingly, we **DENY** Miller a certificate of probable cause and **DISMISS** this appeal.

ENTERED FOR THE COURT:


Michael R. Murphy
Circuit Judge