**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 6 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CARL EUGENE HOWARD,

      Petitioner-Appellant,

v.

MICHAEL A. NELSON, Warden,
and ATTORNEY GENERAL OF
THE STATE OF KANSAS,

      Respondents-Appellees.

No. 97-3297
(D.C. No. 94-CV-3263)
(D. Kan.)

---

**ORDER AND JUDGMENT** *

---

Before **ANDERSON** , **BARRETT** , and **TACHA** , Circuit Judges.

---

    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

\*    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Carl Eugene Howard appeals from the district court's order denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We affirm.

Mr. Howard has moved for a certificate of appealability (coa) and for in forma pauperis status on appeal. Mr. Howard filed his petition in district court June 24, 1994. Therefore, as he filed before the April 24, 1996 enactment of the Antiterrorism and Effective Death Penalty Act of 1996, the new coa requirements contained therein do not apply. See United States v. Kunzman, 125 F.3d 1363, 1364 n.2 (10th Cir. 1997), cert. denied, 118 S. Ct. 1375 (1998). For Mr. Howard to proceed, a certificate of probable cause under former 28 U.S.C. § 2253 is required. Upon consideration of the materials before us, we grant Mr. Howard both a certificate of probable cause and in forma pauperis status.

In 1987, a jury convicted Mr. Howard of one count of aggravated kidnaping, two counts of rape, and six counts of aggravated criminal sodomy. He was sentenced under the Kansas Habitual Criminal Act to a term of life for the kidnaping conviction; twenty years to life for each rape conviction to be served concurrently, but subsequent to the kidnaping charge; and fifteen years to life for each criminal sodomy conviction, also to be served concurrently, but subsequent to the other charges. His convictions and sentences were affirmed on direct appeal. See State v. Howard, 763 P.2d 607 (Kan. 1988). As the parties are

familiar with the facts, see id. at 608–09, we will recite them here only as necessary.

In his § 2254 petition, Mr. Howard claimed the State did not prove an essential element of the charge of aggravated kidnaping and the evidence was insufficient to support his convictions. He also alleged that counts five through nine were multiplicious. Mr. Howard asserted he received ineffective assistance of counsel and was denied equal protection because he was not resentenced under new state sentencing guidelines enacted after his convictions.

Mr. Howard argues to this court that the district court erred in denying him relief on each of his claims. On appeal from the district court's determination of a § 2254 petition, we review the district court's conclusions of law de novo, granting a presumption of correctness to the state court's factual findings if they are fairly supported by the record. See Hatch v. Oklahoma, 58 F.3d 1447, 1453 (10th Cir. 1995). We review mixed questions of law and fact de novo. See id. But see Wright v. West, 505 U.S. 277, 294-95 (1992) (declining to announce a standard for habeas review of the state court's application of the law to the facts).

The due process guarantees of the Fourteenth Amendment require that "no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof--defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." Jackson v.

<u>Virginia</u>, 443 U.S. 307, 316 (1979). In reviewing a sufficiency of the evidence claim on habeas, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>Id.</u> at 319. Thus, we "accept the jury's resolution of the evidence as long as it is within the bounds of reason." <u>Grubbs v. Hannigan</u>, 982 F.2d 1483, 1487 (10th Cir. 1993).

We conduct our review of the sufficiency of the evidence "with explicit reference to the substantive elements of the criminal offense as defined by state law." <u>Jackson</u>, 443 U.S. at 324 n.16. Under Kansas law, kidnaping is defined as the taking or confining of any person by force, threat, or deception, while intending to hold that person in order to facilitate the commission of a crime. <u>See</u> Kan. Stat. Ann. § 21-3420.

Mr. Howard contends the State failed to present sufficient evidence to support the jury's finding that he took the victim while intending to commit a crime. We have reviewed the trial transcript and conclude that the evidence was sufficient to meet this element. <u>See, e.g.</u>, <u>State v. Buggs</u>, 547 P.2d 720, 731 (Kan. 1976). Our review of the transcript shows that the evidence presented at trial, viewed in the light most favorable to the state, was sufficient to support each of the convictions. <u>See</u> <u>Howard</u>, 763 P.2d at 609-10.

Mr. Howard asserts the counts were multiplicious. We agree with the state court, see Howard, 763 P.2d at 610, and the district court, see Howard v. Nelson, 980 F. Supp. 381, 386 (D. Kan. 1997), that the acts alleged in this case were separate because they occurred in different rooms of the house, over a sufficiently long period of time. The charges were not multiplicious.

Mr. Howard argues he received ineffective assistance of counsel. To succeed on an ineffective assistance of counsel claim, Mr. Howard must show both that counsel's performance was constitutionally deficient and that counsel's ineffectiveness resulted in actual prejudice. See Strickland v. Washington, 466 U.S. 668, 687 (1984). To satisfy the first prong of Strickland, Mr. Howard must show "counsel's representation fell below an objective standard of reasonableness." Id. at 688. We will not use hindsight to second-guess counsel's tactical decisions. See id. at 689.

Mr. Howard asserts counsel should have cross-examined the victim regarding her statement that she had gonorrhea. Mr. Howard also contends counsel should not have agreed to suppress exculpatory evidence regarding a prior rape report made by the victim. Mr. Howard has made no showing of error on the part of counsel. Mr. Howard has failed to show how additional testimony beyond the statement presented to the jury that the victim had told Mr. Howard she had gonorrhea failed to adequately put the issue before the jury.

Evidence of the victim's prior rape was prohibited by Kan. Stat. Ann. § 21-3525. Mr. Howard has presented no evidence showing that the detective who investigated the prior rape allegation would have testified that the victim had told him the report was false. Further, the victim testified and was cross-examined at trial. The jury had adequate opportunity to judge her credibility as to the veracity of the charges pending against Mr. Howard.

Finally, Mr. Howard argues he was denied equal protection because the state sentencing guidelines were revised, but he was not resentenced under the new guidelines. Mr. Howard is not entitled to federal habeas relief due to a subsequent change in the state sentencing guidelines. States may freely amend their sentencing laws without being required to apply them retroactively to persons validly sentenced under prior law. See Murray v. Cowley, 913 F.3d 832, 834 (10th Cir. 1990). Mr. Howard does not alleged he was improperly sentenced under the law as it existed at the time of his conviction. No error occurred.

The judgment of the United States District Court for the District of Kansas is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

James E. Barrett
Senior Circuit Judge

-6-