**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 1 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RICKY G. STALLINGS,

      Plaintiff-Appellant,

v.

STATE OF NEW MEXICO;
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

      Defendants-Appellees.

No. 97-2382
(D.C. No. CIV-95-896-SC/JHG)
(D. N.M.)

**ORDER AND JUDGMENT** *

Before **PORFILIO, BARRETT,** and **KELLY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9. The case is

therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Ricky G. Stallings appeals from an order of the district court denying his petition filed pursuant to 28 U.S.C. § 2254.[1] We affirm.

In 1984, Stallings was convicted of five counts of passing forged checks and was sentenced to fifteen years' imprisonment. In 1988, while serving that sentence, Stallings was found guilty by separate juries of aggravated battery with a deadly weapon and possession of a deadly weapon by a prisoner. The charges arose from separate incidents in which Stallings attacked a fellow inmate and a prison guard. The cases were consolidated for sentencing. Stallings was charged as a second habitual offender and sentenced to a total of fourteen years' incarceration on both convictions to run consecutively to the sentences for forgery he was currently serving.

In 1994, this court vacated the forgery convictions pursuant to Stallings' § 2254 petition. We held that insufficient evidence was adduced at trial to support those convictions. See Stallings v. Tansy, 28 F.3d 1018, 1024 (10th Cir. 1994). Subsequently, the state amended Stallings' 1988 sentences to vacate two

---

[1]     As Stallings filed his petition prior to the passage of the Antiterrorism and Effective Death Penalty Act of 1996, Pub L. No. 104-132, 110 Stat. 1214, the certificate of appealability provisions of that act do not apply. See United States v. Kunzman, 125 F.3d 1363, 1364 n.2 (10th Cir. 1997), cert. denied, 118 S. Ct. 1375 (1998). This court has granted Stallings a certificate of probable cause and ordered briefing from the appellee.

years of the sentences which had been imposed as habitual offender enhancements.

Stallings thereafter commenced this § 2254 petition [2] contending that the 1988 convictions should be vacated as he was not in lawful custody when the events underlying the 1988 charges occurred due to the fact that his forgery convictions were later overturned. He also alleged he was denied his constitutional right to testify at the 1988 trials because the unconstitutional forgery convictions caused him to decide not to testify for fear that they would be used to impeach his credibility.

The district court held that Stallings was in lawful custody at the time of the 1988 trials and, therefore, his convictions were valid. The court also held that because the forgery convictions were valid at the time of his trial, Stallings had not been denied his right to testify.

On appeal Stallings does not contest the district court's determination that he was in lawful custody when the events underlying the 1988 charges occurred, thus resulting in valid convictions. Stallings does argue that the district court

---

[2] This is Stallings' second federal habeas petition attacking the 1988 convictions. The district court dismissed the claims it found to be successive under Rule 9(b) of the Rules Governing § 2254 Cases, which permitted the court to dismiss a successive petition if the petitioner failed to allege new or different grounds for relief or if the failure to allege the new or different grounds constituted an abuse of the writ. As Stallings' first petition was decided prior to this court's vacation of his forgery convictions, the court permitted his challenges based on our decision in Stallings, 28 F.3d 1018, to proceed.

-3-

erred in holding that he was not unconstitutionally denied his right to testify. He states that, as the case rested on conflicting testimony, permitting the jury to hear him testify "would have tipped the balance in his favor and caused verdicts of acquittal on all of the counts." Appellant's Br. at 18.

On appeal from the district court's determination of a § 2254 petition, we review the district court's conclusions of law de novo, granting a presumption of correctness to the state court's factual findings if they are fairly supported by the record. See Hatch v. Oklahoma, 58 F.3d 1447, 1453 (10th Cir. 1995). We review mixed questions of law and fact de novo. See id. But see Wright v. West, 505 U.S. 277, 294-95 (1992) (declining to announce a standard for habeas review of the state court's application of the law to the facts).

A Supreme Court plurality has held that the use of a constitutionally invalid conviction to impeach a defendant's general character and credibility deprives him of due process of law unless the use constituted harmless error. See Loper v. Beto, 405 U.S. 473, 483 & n.12 (1972). Stallings asks us to extend that holding to assert that if a defendant decides not to testify for fear that a currently valid, though later determined to be constitutionally invalid, conviction might be used to impeach him, his constitutional rights have been violated. We decline to make this leap. Further, requiring Stallings to choose between silence and facing the possibility that his credibility might be impeached did not violate his

-4-

constitutional rights.  Cf. United States v. Simpson, 7 F.3d 186, 191 (10th Cir. 1993) (no violation of constitutional rights occurs when defendant must choose between silence and presenting a defense).

Even were we to accept Stallings' proposition, his claim is speculative and any error would be harmless.  Due to the nature of the charges and the testimony, the juries knew that Stallings had committed the charged offenses against both a fellow inmate and a prison guard while imprisoned.  Stallings has failed to show how knowledge of the specific crimes he was convicted of would have impeached his credibility any more than the juries' admitted knowledge that he was a prisoner.  Speculation of the sort Stallings must engage in here to make his case does not warrant habeas relief.  Stallings has not sustained his burden in proving that his constitutional rights were violated.

The judgment of the United States District Court for the District of New Mexico is AFFIRMED.

Entered for the Court


James E. Barrett
Senior Circuit Judge