**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 5 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MICHAEL R. MAGIRL,

     Petitioner-Appellant,

v.

DONALD DORSEY, Warden; NEW
MEXICO ATTORNEY GENERAL,

     Respondents-Appellees.

No. 98-2129
(D.C. No. CIV 96-81-HB/LCS)
(D. N.M.)

---

**ORDER AND JUDGMENT** *

---

Before **BRORBY** , **EBEL** , and **BRISCOE** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\*    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Michael R. Magirl, a New Mexico state prisoner, applies for a certificate of probable cause to challenge the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. [1] We determine that Magirl has failed to make a substantial showing of the denial of a constitutional right, the prerequisite for obtaining a certificate of probable cause and invoking our appellate jurisdiction. See Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983). We therefore dismiss the appeal.

Magirl was convicted by a jury of ten counts of residential burglary, one count of receiving stolen property, one count of criminal sexual penetration while armed with a deadly weapon, and one count of aggravated burglary with a deadly weapon. After failing to obtain relief in the New Mexico state courts on direct appeal and in collateral proceedings, [2] Magirl filed a petition for a federal writ of habeas corpus.

---

[1]    We note that Magirl filed a motion for a certificate of appealability, however, because his petition for habeas corpus relief was filed on January 19, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act do not apply. See United States v. Kunzman, 125 F.3d 1363, 1364 n.2 (10th Cir. 1997), cert. denied, 118 S. Ct. 1375 (1998). We consider his motion as a request for a certificate of probable cause.

[2]    Upon Magirl's appeal to the New Mexico Court of Appeals, that court vacated one count of residential burglary for lack of sufficient evidence and affirmed as to all other counts. The New Mexico Supreme Court denied the petition for a writ of certiorari. Two petitions for habeas corpus relief filed in state district court were denied.

The district court denied his petition. [3] On appeal, Magirl raises three issues: (1) unconstitutionally seized evidence was introduced at trial; (2) trial and appellate counsel provided him with ineffective assistance of counsel; and (3) insufficient evidence supported the convictions for two of the residential burglary counts.

Magirl's Fourth Amendment claims concerning the search and seizure of evidence from his person and residence are not cognizable in federal habeas proceedings if he had a full and fair opportunity to litigate them in state court. See Stone v. Powell, 428 U.S. 465, 494 (1976); Miranda v. Cooper, 967 F.2d 392, 401 (10th Cir. 1992). The issue of whether a petitioner had a full and fair opportunity to litigate the same claims in state court is a question this court reviews de novo. See Miranda, 967 F.2d at 401.

We see nothing in the record to indicate that Magirl was denied this opportunity. To the contrary, he argued that the evidence should be suppressed as the fruit of an illegal arrest and an illegal residential search in pre-trial

_____

[3] The district court assigned the matter to the magistrate judge, who made proposed findings of fact and recommended denying the petition. The district court adopted the findings and recommendation of the magistrate judge.

proceedings, on direct appeal, and in state habeas proceedings. [4] The rule of Stone therefore bars our consideration of these claims.

In a related argument, Magirl asserts that he received ineffective assistance of counsel, alleging primarily that trial and appellate counsel failed to investigate and litigate other theories of Fourth Amendment violations. He further claims that his trial attorney was ineffective because the attorney did not provide adequate support for a motion for change of venue and did not conduct a satisfactory cross-examination on the expertise of the officer concerning shoeprint identification.

To succeed on an ineffective assistance of counsel claim, a petitioner must not only establish that counsel's performance was deficient but also that "the deficient performance prejudiced the defense," thus depriving him of "a trial whose result is reliable." Strickland v. Washington, 466 U.S. 668, 687 (1984). A claim of ineffective assistance of counsel presents a mixed question of law and fact which we review de novo. See Cooks v. Ward, 165 F.3d 1283, 1292 (10th Cir. 1998). Based on our review of the record and "applying a heavy measure of deference to counsel[s'] judgments," Strickland, 466 U.S. at 691, we determine that counsel's approach to the trial represented an "an objectively reasonable

_____

[4]     We note that, in his district court reply, Magirl appears to have abandoned claims arising out of evidence seized from his person at the time of his arrest. See R., Vol. I, Tab 53 at 1-2.

-4-

decision supported by a reasonable investigation." Miles v. Dorsey , 61 F.3d 1459, 1476-77 (10th Cir. 1995). Moreover, appellate counsel did not fail "to raise an issue obvious from the trial record and one that probably would have resulted in reversal." See United States v. Cook , 45 F.3d 388, 395 (10th Cir. 1995). Therefore, we affirm the district court's conclusion that petitioner was not denied the effective assistance of trial or appellate counsel.

Finally, Magirl challenges the sufficiency of the evidence to support his convictions under two of the ten counts of residential burglary. The test on federal habeas review for a sufficiency of evidence claim is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia , 443 U.S. 307, 319 (1979). "Such review is 'sharply limited' and a court 'faced with a record of historical facts that supports conflicting inferences must presume--even if it does not affirmatively appear in the record--that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'" Messer v. Roberts , 74 F.3d 1009, 1013 (10th Cir. 1996) (quoting Wright v. West , 505 U.S. 277, 296-97 (1992)). "The Court may not weigh conflicting evidence nor consider the credibility of witnesses. Rather, the Court must 'accept the jury's resolution of

the evidence as long as it is within the bounds of reason.'" Messer, 74 F.3d at 1013 (quoting Grubbs v. Hannigan, 982 F.2d 1483, 1487 (10th Cir. 1993)).

Here, Magirl concedes that the prosecution demonstrated that the homes which were the subject of the questioned counts were burglarized and that items stolen from these homes were found in his residence. He asserts, however, that the prosecution did not show that he was the perpetrator of these burglaries. The district court analyzed the evidence under the appropriate test and concluded that there was sufficient evidence to convict Magirl of the two burglary counts. We agree.

Because Magirl has failed to make a substantial showing of the denial of a constitutional right, we DENY his application for a certificate of probable cause and DISMISS this appeal.

Entered for the Court

David M. Ebel
Circuit Judge

-6-