**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 7 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

HAROLD DEAN COOKSEY,

      Petitioner-Appellant,

v.

RON CHAMPION, Warden; L. L.
YOUNG,

      Respondents-Appellees.

No. 99-5008
(N. District of Oklahoma)
(D.C. No. 95-CV-1141-E)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **McKAY,** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This case is before the court on *pro se* petitioner Harold D. Cooksey's application for a certificate of probable cause ("CPC"). Cooksey seeks a CPC so that he can appeal the district court's denial of his 28 U.S.C. § 2254 petition. *See* 28 U.S.C. § 2253 (1994).[1] Because Cooksey has not made a substantial showing of the denial of a federal right, this court **denies** Cooksey's request for a CPC and **dismisses** this appeal.

The district court meticulously set out the complicated procedural history surrounding this case. This court will not repeat that task. Instead, for purposes of this appeal, it is sufficient to note that Cooksey was convicted 1993 in Oklahoma state court of one count of Larceny of Merchandise from a Retailer, After the Former Conviction of Two or More Felonies, and one count of Incurring Bail Forfeiture, After the Former Conviction of Two or More Felonies. In federal district court, Cooksey raised the following five challenges to the validity of his

_____

[1]Cooksey filed his original § 2254 petition on May 10, 1995, well before the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Thus, the AEDPA's revised standards of review and certificate-of-appealability requirements do not apply. *See Lindh v. Murphy*, 521 U.S. 320 (1997); *United States v. Kunzman*, 125 F.3d 1363, 1364 n. 2 (10th Cir.1997). Nevertheless, Cooksey must still obtain a CPC under pre-AEDPA law in order to appeal the district court's denial of his § 2254 habeas petition. *See* 28 U.S.C. § 2253 (1994) ("An appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding where the detention complained of arises out of process issued by a State court, unless the justice or judge who rendered the order or a circuit justice or judge issues a certificate of probable cause.").

larceny and bail forfeiture convictions: (1) his convictions were improperly enhanced by a constitutionally invalid Texas felony conviction; (2) the state trial court erred in allowing the state to introduce prior misdemeanor convictions in the larceny case and in failing to give the jury a limiting instruction on the use of the misdemeanors; (3) the state failed to put Cooksey on notice that it was relying on misdemeanor convictions to revitalize otherwise "stale" felony convictions; (4) the state trial court erred when it allowed the state to present evidence concerning a dismissed charge that was part of the same transaction as one of the predicate felonies; and (5) the evidence was insufficient to support the conviction for incurring bail forfeiture.

In two thorough orders, the district court denied relief. As to Cooksey's claim regarding the validity of his Texas felony, which felony was apparently used to enhance both his larceny and bail forfeiture convictions, the district court concluded that it was procedurally barred from addressing the merits of the claim because Cooksey had failed to raise it on direct appeal to the Oklahoma Court of Criminal Appeals ("OCCA"). After further briefing, the district court further concluded that Cooksey had failed to demonstrate that his failure to raise the claim was excused by cause and prejudice or that review of the claim on the merits was necessary to prevent a fundamental miscarriage of justice. With regard to Cooksey's second and fourth claims, the district court noted that

Cooksey's challenges centered exclusively on whether the OCCA had misinterpreted state law in affirming Cooksey's conviction. As noted by the district court, § 2254 does not empower federal courts to review a state court's interpretation or application of its own laws. *See Lujan v. Tansy*, 1031, 1036 (10th Cir. 1993). The district court rejected Cooksey's third claim, whether Cooksey had sufficient notice that the state intended to use his misdemeanors to revive stale felony convictions, as not supported by the record. According to the district court, it was readily apparent from the charging documents that the state would present intervening misdemeanors to revive the stale felonies. Finally, the district court rejected Cooksey's fifth claim, concluding that the record contained more than sufficient evidence from which a rational juror could conclude that Cooksey had willfully failed to appear at his preliminary hearing.

This court has undertaken a thorough review of Cooksey's application for a CPC and appellate brief, the district court orders denying relief, and the entire record on appeal. That close review demonstrates that the district court's resolution of Cooksey's claims is not reasonably debatable, subject to a different resolution on appeal, or deserving of further proceedings. *Barefoot v. Estelle*, 463 U.S. 880, 883 n.4 (1983). Accordingly, Cooksey is not entitled to a CPC. *Id.* Cooksey's request for a CPC is hereby **DENIED** for substantially those reasons

set out in the district court's orders dated December 5, 1997 and December 15,

1998.  Cooksey's appeal is therefore **DISMISSED**.

ENTERED FOR THE COURT:


Michael R. Murphy
Circuit Judge