**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 27 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

DONALD FORD REYNOLDS,

    Petitioner-Appellant,

v.

ROBERT D. HANNIGAN, Warden,
Hutchinson Correctional Facility;
ATTORNEY GENERAL OF THE
STATE OF KANSAS,

    Respondents-Appellees.

No. 99-3191

(D.C. No. 85-CV-3559-DES)
(D. Kan.)

ORDER AND JUDGMENT[*]

Before **SEYMOUR**, Chief Judge, **BALDOCK**, and **HENRY**, Circuit Judges.[**]

    Petitioner Donald Ford Reynolds was convicted in Oklahoma state court on two

counts of indecent liberties with a child. Because he previously had been convicted of

lewd molestation in Oklahoma, Petitioner received an enhanced sentence of twenty to

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

eighty years imprisonment. After unsuccessfully exhausting his state court remedies, Petitioner filed a § 2254 petition for a writ of habeas corpus in the federal district court alleging numerous instances of ineffective assistance of trial counsel. In a thorough report and recommendation, a magistrate judge recommended that the petition be denied. Following a de novo review, the district court in a memorandum opinion and order adopted the magistrate judge's recommendation and denied the petition. The district court declined to grant Petitioner's application for a certificate of probable cause to appeal. His renewed application is before us.[1]

In order to obtain a certificate of probable cause to appeal the denial of a § 2254 petition, a petitioner must make a "substantial showing of the denial of a federal right." Barefoot v. Estelle, 463 U.S. 880, 893 (1983). We have thoroughly reviewed Petitioner's application for a certificate of probable cause, his brief, the magistrate judge's report and recommendation, the district court's memorandum opinion and order, and the entire record before us. We conclude that Petitioner has failed to make a substantial showing of the denial of a constitutional right substantially for the reasons set forth in the magistrate judge's report and recommendation and the district court's memorandum opinion and

---

[1] Because Petitioner filed his § 2254 petition in the district court in December 1995, before the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L No. 104-132, 110 Stat. 1214 (effective April 24, 1996) (AEDPA), Petitioner must obtain a pre-AEDPA certificate of probable cause in order to appeal the district court's denial of his petition. See United States v. Kunzman, 125 F.3d 1363, 1364 n.2 (10th Cir. 1997).

order.  Accordingly, we deny Petitioner's application for a certificate of probable cause and dismiss the appeal.

CERTIFICATE OF PROBABLE CAUSE DENIED; APPEAL DISMISSED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge