**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 18 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

JOHN A. BERRIEN,

      Petitioner-Appellant,

v.

JOHN SHANKS, Warden;
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

      Respondents-Appellees.

No. 97-2285
(N.M.)
(D.Ct. No. CIV-95-1415-JC)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **SEYMOUR, BRORBY,** and **BRISCOE**, Circuit Judges.

_____

After examining the brief and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. _See_ Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, _res judicata_ and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner John Berrien appeals from the district court's order dismissing his petition for writ of habeas corpus under 28 U.S.C. § 2254.[1]  In his petition, Mr. Berrien challenged his conviction in New Mexico state court for possession of cocaine claiming:  (1) his conviction was based on evidence obtained through an illegal search; (2) his conviction was based on evidence obtained by an unlawful arrest; (3) he was denied effective assistance of counsel; and (4) he was denied due process because his appellate attorney failed to raise the ineffective assistance of counsel claim to the New Mexico Court of Appeals.  The district court adopted the magistrate judge's proposed findings and recommended disposition in its order.  The magistrate judge held Mr. Berrien failed to meet his burden of showing he was entitled to relief with respect to his first two claims. As to Mr. Berrien's ineffective assistance of counsel claim, the magistrate judge ruled against Mr. Berrien, concluding he failed to show his counsel's performance was deficient and he failed to show prejudice.  The magistrate judge also ruled against Mr. Berrien on his due process claim, finding it without merit.

---

[1]  The district court denied Mr. Berrien a certificate of appealability in its order dated September 2, 1997.  Since Mr. Berrien's petition was filed prior to April, 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, Pub L. No. 104-132, 110 Stat. 1214 (*see United States v. Kunzman*, 125 F.3d 1363, 1364 n.2 (10th Cir. 1997), *cert. denied*, 118 S. Ct. 1375 (1998)), we construe the district court's order as a denial of a certificate of probable cause rather than a certificate of appealability.

Mr. Berrien appeals only the dismissal of his ineffective assistance of counsel claim for his trial attorney's failure to file a motion to suppress evidence of the cocaine.  Mr. Berrien contends his trial attorney was ineffective because his attorney's decision not to file a motion to suppress was based on insufficient investigation and unreasonable trial strategy.  Furthermore, Mr. Berrien asserts he was prejudiced by his attorney's decision not to file the motion because it would have been meritorious and resulted in his acquittal.  Mr. Berrien also requests we issue a certificate of probable cause as a prerequisite to our jurisdiction over his appeal.

We have reviewed the evidentiary hearing transcripts on the petition, the magistrate's report, the district court's order, the Petitioner's brief and application for certificate of probable cause.   For substantially the reasons stated in the well-reasoned report by the magistrate judge dated May 22, 1997, and the district court's order adopting this report, we conclude Mr. Berrien has failed to make a "'substantial showing of the denial of [a] federal right'" by demonstrating the issue is "'debatable among jurists,'" or that another court could resolve the issue differently, or that the question deserves further proceedings.  *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983) (quoting *Stewart v. Beto*, 454 F.2d 268, 270 n.2 (5th Cir. 1971), *cert. denied*, 406 U.S. 925 (1972)); *see also Lennox v. Evans*, 87 F.3d

431, 434 (10th Cir. 1996), *cert. denied*, 117 S. Ct. 746 (1997), *overruled on other grounds by United States v. Kunzman*, 125 F.3d 1363 (10th Cir. 1997), *cert. denied*, 118 S. Ct. 1375 (1998).  Consequently, we **DENY** his application for a certificate of probable cause, and **DISMISS** this appeal.

                                            **Entered by the Court:**

                                            **WADE BRORBY**
United States Circuit Judge