**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 6 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BARBARA SCHWARZ,

  Plaintiff-Appellant,

  v.

NATIONAL INSTITUTE OF
CORRECTIONS, and FEDERAL
BUREAU OF PRISONS,

  Defendants-Appellees.

No. 98-1230
(D.C. No. 98-M-123)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **BRORBY**, and **BRISCOE**, Circuit Judges.

  After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

  Barbara Schwarz, appearing pro se, seeks leave to appeal the district

---

  [*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

court's dismissal of her action under the Freedom of Information and Privacy Acts without prepayment of fees. After reviewing the materials presented by Schwartz, we deny her request and dismiss the appeal.

Schwarz filed Freedom of Information Act (FOIA) requests with defendants National Institute of Corrections (NIC) and Bureau of Prisons (BOP), seeking records and information pertaining to her husband, Mark Rathbun, whom Schwarz believed was incarcerated somewhere in the United States. The BOP, on behalf of itself and the NIC, conducted a search of its national on-line automated information system and informed Schwarz it found no records pertaining to her husband. Schwarz was dissatisfied with defendants' response and filed this action on January 22, 1998, seeking a court order directing the NIC to separately respond to her request and directing the BOP to produce information she believed was being withheld. [1]

Defendants moved to dismiss the action, noting the United States District Court for the District of Maryland had dismissed a nearly identical action filed by Schwarz against the BOP and the United States Parole Commission. See Schwarz

---

[1] Research indicates Schwarz' attempts to locate her husband have prompted her to file similar actions against Interpol, the Executive Office of United States Attorneys, the Merit Systems Protection Board, the United States Patent and Trademark Office, the Department of Commerce, the Church of Scientology International, the California Department of Corrections, and the San Quentin Prison Warden and Staff (among others).

v. United States Parole Comm'n, 1998 WL 416660 (4th Cir. 1998) (affirming dismissal of action). On June 9, 1998, the district court granted defendants' motion to dismiss, concluding Schwarz' action was barred by the dismissal of her Maryland action. Although Schwarz argued claim preclusion did not apply since the NIC was not a party to the Maryland action, the district court disagreed and specifically noted the NIC was simply "an office established within the Bureau of Prisons as an information and consulting office." Record, Doc. 31 at 2. The district court denied Schwarz leave to proceed on appeal in forma pauperis on the grounds the "appeal [wa]s not taken in good faith because plaintiff ha[d] not shown the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." Id., Doc. 37 at 1.

We have reviewed Schwarz' appellate pleadings and the entire record on appeal and conclude this appeal is frivolous. See 28 U.S.C. § 1915(e)(2)(B)(i); see also Neitzke v. Williams, 490 U.S. 319, 327 (1989) (a claim is frivolous if the factual contentions supporting it are clearly baseless, or if it relies on an indisputably meritless legal theory). As outlined in the district court's order of dismissal, the doctrine of res judicata bars Schwarz from pursuing this action against the BOP because of the dismissal of her Maryland action, which involved the same parties (Schwarz and the BOP) and the same claim. See United States v. Kunzman, 125 F.3d 1363 (10th Cir. 1997) (outlining requirements for claim

-3-

preclusion), cert. denied 118 S. Ct. 1375 (1998). Whether or not this procedural bar applies to the NIC, [2] we conclude the record on appeal demonstrates Schwarz' action against NIC was subject to dismissal in any event because the information sought by Schwarz pursuant to the FOIA simply does not exist. Accordingly, we agree with the district court that the appeal is not taken in good faith.

The motion for leave to proceed on appeal in forma pauperis is DENIED and this appeal is DISMISSED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

---

[2] As noted by the district court, the NIC is an arm of the BOP. See 18 U.S.C. § 4351(a) ("There is hereby established within the Bureau of Prisons a National Institute of Corrections."). However, it is unclear whether the NIC is an "agency" subject to the FOIA. See 5 U.S.C. § 552(f) (defining "agency" for purposes of FOIA).