**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 1 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

JAMES EUGENE TAYLOR,

     Petitioner-Appellant,

v.

ROBERT D. HANNIGAN and THE
ATTORNEY GENERAL OF THE
STATE OF KANSAS,

     Respondents-Appellees.

No. 98-3071
(D.C. No. 93-CV-3147-DES)
(D. Kan.)

ORDER AND JUDGMENT *

Before **ANDERSON** , **KELLY** , and **LUCERO** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

\*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner James Eugene Taylor, a Kansas state inmate proceeding pro se, seeks to appeal the district court's order dismissing his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. [1] We deny a certificate of probable cause and dismiss the appeal.

Mr. Taylor was convicted by a state jury of the first-degree murder of his wife, on or about May 28, 1982. See State v. Taylor , 673 P.2d 1140 (Kan. 1983) (upholding the conviction on direct appeal). He filed a post-conviction motion under Kan. Stat. Ann. § 60-1507, seeking a new trial. The state trial court held an evidentiary hearing and entered an order denying relief. Mr. Taylor appealed the denial of his motion to the Kansas Court of Appeals. At his request, that court remanded the case to the trial court for consideration of newly discovered evidence which he contended should afford him a new trial. The trial court conducted another evidentiary hearing, then issued a supplemental memorandum of decision again denying relief. The denial was affirmed by the Kansas Court of Appeals, see Taylor v. State , No. 64,388, 818 P.2d 359 (Kan. Ct. App. Oct. 4, 1991) (Table), and the Kansas Supreme Court on petition for review, see Taylor v. State , 834 P.2d 1325 (Kan. 1992).

---

[1]    This matter was fully briefed by an attorney of record. On August 14, 1998, this court granted the attorney's motion to withdraw and allowed appellant to proceed pro se.

-2-

Mr. Taylor then filed a petition for writ of habeas corpus in federal district court. The parties agreed that the matter could be decided on the record, which included the transcripts of pretrial proceedings, the trial, the section 60-1507 hearings, and other state court records, the written opinions of the reviewing state courts, and the parties' submissions in federal court. The district court denied habeas relief.

During his direct appeal and post-conviction proceedings, Mr. Taylor has proceeded pro se at times and has been represented by counsel at other times. According to Mr. Taylor's count, six attorneys have been involved in his case. In his numerous counseled and pro se filings, filed over more than a decade, scores of issues have been raised and resolved.

In this habeas proceeding, Mr. Taylor raises thirteen issues on appeal: (1) his constitutional rights were violated by the state's failure to disclose a tape recording made during the autopsy of his wife's body; (2) he was denied due process, equal protection and effective assistance of counsel on the issue of newly discovered pathology evidence; (3) he was denied due process, equal protection, and effective assistance of counsel on the issue of entomology evidence; (4) he was denied due process by the destruction of evidence in the victim's car and by the unlawful release of the car prior to defense testing; (5) his Fifth Amendment rights were violated by the admission at trial of statements taken prior to Miranda

warnings during custodial interrogations; (6) his Fourth Amendment rights were violated by admission at trial of statements taken after he was seized and held without probable cause; (7) his Fifth Amendment rights were violated by admission at trial of statements taken after request for counsel; (8) his due process and equal protection rights were violated by the admission of erroneous ballistics evidence at trial and by the withholding of ballistics evidence by the state; (9) his due process and equal protection rights were violated by the denial of his right to self-representation during a section 60-1507 hearing; (10) his due process and equal protection rights were violated by the withholding of evidence of surveillance procedures employed against petitioner and the victim during the investigation of the case; (11) his due process and equal protection rights were violated by the use of a lay witness as an expert during the 1990 habeas hearing and on appeal from that hearing; (12) he was denied effective assistance of counsel at trial and on direct appeal; and (13) his constitutional rights were violated by the cumulative effect of the above and other violations which deprived him of a fair trial. See Petitioner-Appellant's Opening Br. at 1-3. He also asserts that, under Supreme Court precedent, his case qualifies as an actual innocence case. See id. at 1.

Before Mr. Taylor may proceed on appeal, he must secure a certificate of probable cause from this court, pursuant to 28 U.S.C. § 2253. [2] A habeas petitioner is entitled to a certificate of probable cause only if he makes "a substantial showing of the denial of an important federal right by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings." Gallagher v. Hannigan, 24 F.3d 68, 68 (10th Cir. 1994) (citing Barefoot v. Estelle, 463 U.S. 880 (1983).

Mr. Taylor, in his submissions to this court, fails to show a factual or legal error in the fifty-nine page memorandum and order issued by the district court on February 4, 1998. Rather, he reargues his contentions. The order of the district court accurately sets forth the significant facts and correctly analyzes applicable law on each of Mr. Taylor's appeal issues. Were we to reach the merits, we would affirm the judgment of the district court for substantially the reasons set

---

[2] Since Mr. Taylor filed his § 2254 petition on April 1, 1993, the Antiterrorism and Effective Death Penalty Act of 1996 does not apply. See Lindh v. Murphy, 117 S. Ct. 2059, 2062-68 (1997); United States v. Kunzman, 125 F.3d 1363, 1364 n. 2 (10th Cir. 1997), cert. denied, 118 S. Ct. 1375 (1998) (footnote circulated en banc). Therefore, we construe his request for a certificate of appealability as a request for a certificate of probable cause. Regardless of the label we attach to the issue, the requirements are the same. See Lennox v. Evans, 87 F.3d 431, 434 (10th Cir. 1996), cert. denied, 117 S. Ct. 746 (1997), overruled in part by Kunzman, 125 F.3d at 1364 n.2.

forth in the district court's order. A copy of that order is attached to this order and judgment.

As Mr. Taylor has failed to show the denial of an important federal right by demonstrating that the issues raised are debatable among jurists, or that a court could resolve the issues differently, or that the questions deserve further proceedings, we deny his request for a certificate of probable cause. Accordingly, the appeal is DISMISSED. The mandate shall issue forthwith.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

Attachment not available electronically.