**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 12 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

STEVE A. SMITH,

          Petitioner-Appellant,

v.

RON WARD, Warden; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

          Respondents-Appellees.

No. 98-7021
(D.C. No. 96-CV-8-S)
(E.D. Okla.)

**ORDER AND JUDGMENT** [*]

Before **ANDERSON** , **KELLY** , and **LUCERO** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Steve A. Smith seeks a certificate of probable cause to appeal the district court's adoption of the magistrate judge's findings and recommendation dismissing his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.[1] In his habeas petition, Smith raised six issues attacking the constitutionality of his state-court conviction for shooting with intent to kill. He appeals the district court's decision as to only two of the issues raised below.

First, Smith asserts that the trial court committed reversible error when it denied the defense request to cross-examine a witness regarding his prior criminal history. The witness had previously been charged with kidnaping. He pleaded guilty to a reduced charge of assault and battery with a dangerous weapon and received a deferred sentence. At the time of Smith's trial, the witness had discharged the sentence, and was no longer under the influence of the state.

---

[1] The district court denied Smith a certificate of appealability, and Smith has renewed his request to this court. Because Smith filed his habeas petition prior to the effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA), the certificate of appealability provisions of AEDPA do not apply. Petitioner remains subject, however, to the pre-AEDPA requirement that he obtain a certificate of probable cause before bringing his appeal. In order to be granted a certificate of probable cause, Smith must make a substantial showing of the denial of a federal right, see Barefoot v. Estelle, 463 U.S. 880, 893 (1983), the same showing required to receive a certificate of appealability, see Lennox v. Evans, 87 F.3d 431, 434 (10th Cir. 1996), overruled on other grounds by United States v. Kunzman, 125 F.3d 1363, 1364 n.1 (10th Cir. 1997). Therefore, we construe his request as an application for a certificate of probable cause.

The trial court refused to allow the questioning because the witness's prior offense had resulted in a deferred sentence which, under Oklahoma law, is not a conviction for purposes of impeachment, even if it was the result of a guilty plea. See White v. State , 702 P.2d 1058, 1062 (Okla. Crim. App. 1985). Relying on Davis v. Alaska , 415 U.S. 308 (1974), Smith asserted that the district court's decision regarding the questioning deprived him of his constitutional right to confront the witness against him. In Davis, the Supreme Court held that the defendant's constitutional right to cross-examine the witness outweighed the state's interest in protecting the confidentiality of the witness's juvenile offender records. See id. at 319-20. Here, the magistrate judge distinguished Davis on numerous points, including the fact that in Smith's case the witness not only lacked a confidential conviction, but under Oklahoma law, lacked any conviction at all. We conclude that the magistrate judge correctly found this issue was without merit.

Second, Smith contends that, during closing arguments, the prosecutor made unconstitutional references to Smith's failure to testify. Smith contends that the prosecution's comment on the lack of evidence in support of Smith's defense of mistaken identity could have been inferred by the jury as a comment on Smith's failure to testify. The magistrate judge found this argument to be without merit, and we agree.

"While direct or indirect references to a defendant's failure to testify are clearly prohibited, the prosecution is not per se prevented from commenting on the evidence presented on a defendant's theory of the case."  United States v. Simpson, 7 F.3d 186, 189 (10th Cir. 1993).  Consequently, the magistrate judge correctly concluded that there was no constitutional violation because the prosecutor made no reference to Smith's failure to testify, but commented only on Smith's failure to prove his defense theory.  See United States v. Prichard, 645 F.2d 854, 858 (10th Cir. 1981) (noting that defense counsel's representation of defense invited prosecutor's remark that defense had not proved what it said it would).

"[W]e may grant habeas relief to a state prisoner only if state court error 'deprived him of fundamental rights guaranteed by the Constitution of the United States.'" Jackson v. Shanks, 143 F.3d 1313, 1317 (10th Cir.),  cert. denied, 119 S. Ct. 378 (1998) (quoting  Brinlee v. Crisp, 608 F.2d 839, 843 (10th Cir. 1979)).  Because Smith filed his habeas petition prior to the enactment of AEDPA, "we apply pre-amendment standards of review."  Id.  We review the dismissal of a § 2254 petition de novo, giving deference to the state court's construction of state law. See id.  We review the state court's factual findings for clear error, presuming the factual findings to be correct.  See id.

Here, we have reviewed the record on appeal, the report and recommendation of the magistrate judge, the district court's order, Smith's brief and supporting documents, and his application for a certificate of probable cause. We conclude that Smith has failed to make a "substantial showing of the denial of [a] federal right" by demonstrating the issue is "debatable among jurists of reason," or that another court could resolve the issue differently, or that the question deserves further proceedings.     Barefoot , 463 U.S. at 893 n.4 (quotations omitted).

Therefore, for substantially the reasons stated in the magistrate judges's well-reasoned findings and recommendation dated August 11, 1997, and the district court's December 10, 1997 order adopting the magistrate judge's

recommendation, we DENY Smith's application for a certificate of probable cause and DISMISS his appeal.

The mandate shall issue forthwith.

Entered for the Court

Stephen H. Anderson
Circuit Judge