**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 30 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

PHILLIP LUCERO,

            Petitioner-Appellant,

v.

JOHN SHANKS, Warden, and
ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO,

            Respondents-Appellees.

No. 98-2044
(D.C. No. CIV-96-160-MV)
(D. N.M.)

ORDER AND JUDGMENT *

Before **TACHA** , **BARRETT** , and **MURPHY** , Circuit Judges.

        After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Phillip Lucero seeks a certificate of probable cause to appeal the district court's dismissal of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. [1] "[W]e may grant habeas relief to a state prisoner only if state court error 'deprived him of fundamental rights guaranteed by the Constitution of the United States.'" *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir.), *cert. denied*, 119 S. Ct. 378 (1998) (quoting *Brinlee v. Crisp*, 608 F.2d 839, 843 (10th Cir. 1979)). Because Lucero filed his habeas petition prior to the enactment of AEDPA, "we apply pre-amendment standards of review." *Id*. We review the dismissal of a § 2254 petition de novo, giving deference to the state court's construction of state law. *See id*. We review the district court's factual findings for clear error, presuming the factual findings of the state court to be correct. *See id*.

_____

[1] The district court denied Lucero a certificate of appealability, and Lucero has renewed his request to this court. Because Lucero filed his habeas petition prior to the effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA), the certificate of appealability provisions of AEDPA do not apply. Petitioner remains subject, however, to the pre-AEDPA requirement that he obtain a certificate of probable cause before bringing his appeal. In order to be granted a certificate of probable cause, Lucero must make a substantial showing of the denial of a federal right, *see Barefoot v. Estelle*, 463 U.S. 880, 893 (1983), the same showing required to receive a certificate of appealability, *see Lennox v. Evans*, 87 F.3d 431, 434 (10th Cir. 1996), *overruled on other grounds by United States v. Kunzman*, 125 F.3d 1363, 1364 n.1 (10th Cir. 1997), *cert. denied,* 118 S. Ct. 1375 (1998). Therefore, we construe his request as an application for a certificate of probable cause.

We have reviewed the record on appeal, the report and recommendation of the magistrate judge, the district court's orders, Lucero's brief and supporting documents, and his application for a certificate of probable cause. We grant Lucero's motion to withdraw from appellate review issues numbered one through thirteen in his § 2254 habeas petition. We conclude that Lucero has failed to make a "substantial showing of the denial of [a] federal right" by demonstrating the issues raised are "debatable among jurists of reason," or that another court could resolve the issues differently, or that the questions deserve further proceedings. *Barefoot* , 463 U.S. at 893 n.4 (quotations omitted).

Therefore, for substantially the reasons stated in the magistrate judges's findings and recommendation dated December 22, 1997, and the district court's July 24, 1998 order, we DENY Lucero's application for a certificate of probable cause and DISMISS his appeal.

The mandate shall issue forthwith.

Entered for the Court

Deanell Reece Tacha
Circuit Judge

-3-