**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 16 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MARVIN R. WASHINGTON,

      Petitioner-Appellant,

v.

RONALD J. CHAMPION;
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

      Respondents-Appellees.

No. 98-5134
(D.C. No. 95-CV-1077-C)
(N.D. Okla.)

**ORDER AND JUDGMENT** *

Before **BRORBY, EBEL** , and **HENRY** , Circuit Judges.


After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Marvin R. Washington was charged with first degree murder, convicted by a jury of first degree manslaughter, and sentenced by the court to fifty years' imprisonment. His conviction and sentence were affirmed on appeal. He unsuccessfully sought habeas relief in the state courts, and then filed a petition for habeas corpus under 28 U.S.C. § 2254. The district court denied petitioner's habeas petition and his application for a certificate of probable cause for appeal.[1] Petitioner renews his request for a certificate of probable cause in this court so that he may appeal from the district court's denial of habeas relief.

In order to obtain a certificate of probable cause, a petitioner must make a "substantial showing of the denial of a federal right." Barefoot v. Estelle, 463 U.S. 880, 893 (1983) (quotation and citation omitted). We have carefully reviewed petitioner's application for a certificate of probable cause, his brief and appendix, and the district court's order. We conclude, for substantially the same reasons as those set forth in the district court's thorough and well-written order filed on July 7, 1998, that petitioner has failed to make a substantial showing of the denial of a federal right.

---

[1]    Petitioner filed his habeas petition in the district court on October 27, 1995, prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (effective April 24, 1996). Petitioner must therefore obtain a certificate of probable cause rather than a certificate of appealability. See United States v. Kunzman, 125 F.3d 1363, 1364 n.2 (10th Cir. 1997).

-2-

Accordingly, petitioner's application for a certificate of probable cause is denied, and the appeal is DISMISSED.

Entered for the Court

Wade Brorby
Circuit Judge